TRINITY LIFE & ANNUITY SOCIETY V. THOS. B. LOVE, COMMISSIONER OF BANKING AND INSURANCE.

No. 1915. Decided February 3, 1909.

1.—Mandamus—State Officer.

To authorize the issuance of mandamus requiring an officer to perform an official act, it must be one which is imperatively required of him by law. (P. 278.)

2.—Same—Jurisdiction—Consent.

Consent can not confer jurisdiction upon the Supreme Court to control by mandamus the action of the head of a department of the State Government except to compel the performance of an imperative duty.   (P. 278.)

3.—Fraternal Beneficiary Associations—Certificate of Authority.

By the Act of May 12, 1899 (Laws, 26th Leg., ch. 7, 8, pp. 198, 199) it seems to be made the duty of the Commissioner of Insurance to issue to any agent of a fraternal beneficiary association complying with the law a certificate that it has so complied, to enable him to organize lodges without incurring the penalties denounced in section 8; but it is not required that the Commissioner issue to the company a certificate and license permitting it to transact the business for which it was organized and chartered; the certificate provided for in section 7 seems to apply only to companies chartered outside the State.   (Pp. 279, 280.)

**4.—Same—Right to do Business.**

It seems that the right of a fraternal beneficiary association to begin to do business arises upon the filing of its charter with the Secretary of State, and continues until restrained by injunction at suit of the Attorney-General.   (P. 280.)

Original petition to the Supreme Court by the Trinity Life & Annuity Society, a corporation created under the laws of Texas, seeking mandamus against Thos. B. Love, Commissioner of Banking and Insurance.

*A. E. Firmin* and *S. M. Posey,* for relator.—The association having fully complied with the law's demands, the issuance of the certificate is a purely ministerial act, and not one of discretion, and being so, mandamus lies to enforce the clear legal right of the society in the premises.   Dean v. Campbell, 59 S. W., 294; Mortgage Co. v. Hardy, 93 Texas, 295; Pickle v. McCall, 86 Texas, 212; Metropolitan L. Ins. Co. v. Love, 108 S. W., 821.

*R. V. Davidson,* Attorney-General, *Wm. E. Hawkins,* Assistant, and *Thos. B. Love,* in pro. per., for respondent.

MR. CHIEF JUSTICE GAINES for the court.

In this case relator seeks to compel the respondent, Thos. B. Love, as Commissioner of Banking & Insurance, "to forthwith accept the sums and amounts of money by law required by him to be collected of and from complainant and deposited heretofore with and tendered to him by it, and issue his certificate and license permitting and allowing complainant to do and transact the business for which it was organized and chartered."

In order for us to mandamus the Commissioner, we must see that the act which it is sought to compel him to perform is one that is imperatively required of him by law.   We have not been enabled to discover anything in the statute which makes it his duty to accept any sum of money, or to issue any certificate or license to the relator.   Therefore we request a written argument from counsel in the suit upon this question.   The argument will be filed on or before 20th of January, 1909.

Opinion filed January 13, 1909.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

At a former day of this term we referred this case back to counsel upon either side with request that they furnish us with a written argument pointing out the law which makes it the duty of the Commissioner of Banking and Insurance to do the things which it is sought to compel him to do.   The arguments have been filed and are not quite satisfactory to us.   The Attorney-General seems not to contest our jurisdiction in the case, but to be willing that we should decide the question if we have power to do so, but consent can not give jurisdiction, and hence, unless we can find in the statute something which requires the respondent to do the things which

are prayed for in the petition, we must decline to take jurisdiction of the case and deny the writ.

The prayer of the petition reads as follows: "Wherefore complainant prays this Honorable Court that there issue to respondent Thomas B. Love, as Commissioner of Insurance, Banking, History and Statistics, to forthwith accept the sums and amounts of money by law required by him to be collected of and from complainant and deposited heretofore with, and tendered to, him by it, and issue his certificate and license permitting and allowing complainant to do and transact the business for which it was organized and chartered."

The two sections of the law under which it is sought to maintain this proceeding are article 2542g (as enacted 1899) and article 2542h, of the same statute, the first of which reads as follows:

"Every such association coming within the description as set forth in section 1 of this act, shall pay annually to the Commissioner of Insurance the following fees in connection with its entrance into the State:

"Fee for filing certified copy of charter................$5.00.
"Fee for certificate of authority to association.......... 1.00.
"Fee for filing annual statement..................... 1.00."

The meaning of this we do not clearly comprehend. It says every such association coming within the description as set forth in section 1 of this act, shall pay annually to the Commissioner of Insurance the following fees in connection with its entrance into the State. It seems to us it can only apply to companies incorporated out of the State who seek to do business in the State. True, the fee for annual statement, $1, may possibly apply to all of them, but that gives us very little aid in deciding the question. Because we find no allegation in the petition that the Commissioner has failed to receive such fee, or that it will not be received.

Article 2542h provides that "any person who solicits for or organizes lodges of such associations as are described in the first section of this act without first obtaining from the Commissioner of Insurance a certificate of authority showing that the association has complied with the provisions of this act, and is entitled to do business in this State, shall be deemed guilty of a misdemeanor," etc. It seems to us that it clearly appears from this that it is the duty of the Commissioner of Insurance, under compliance with the provisions of the act on the part of the association, to issue to any agent of the association, upon demand, a certificate of authority such as is prescribed in the act, but that does not help us reach a conclusion in this case, because the petition for mandamus here is not to compel the Commissioner to issue a certificate of authority to an agent, but it is to compel him to "issue his certificate and license permitting and allowing complainant to do and transact the business for which it was organized and chartered," which is wholly a different matter.

Article 2542f provides that when any fraternal beneficiary association shall fail to make the report required by the act or shall fail to pay any judgment against it within sixty days after the rendition of such judgment, the Commissioner of Insurance shall notify the

Attorney-General in writing, who shall immediately commence an action to enjoin it from doing business in this State and that if the injunction be granted, the association shall not be allowed to again do business in the State, until the violation of law complained of shall be corrected. From this it seems to us that it was the intention of the Legislature, that when a fraternal beneficiary association had filed with the Secretary of State its charter as required by article 2542n of the act it should have the right to begin business and to continue to do business until enjoined by the suit of the Attorney-General. We find no provision in the Act which shows a contrary intention. Whether this be wise legislation or not is a question we are not called upon to determine.

It follows that in our opinion the writ prayed for should be refused, and it is accordingly so ordered.

*Mandamus refused.*