FRANK L. DENISON v. GEORGE H. SHEPPARD ET AL.

Motion No. 10,758. Decided May 17, 1933.
(60 S. W., 2d Series, 1031.)

*Ocie Speer,* of Austin, and *Lon Curtis,* of Belton, for relator.

*James V. Allred,* Attorney General, and *F. O. McKinsey,* Assistant Attorney General, for respondent.

On question that the Supreme Court is without jurisdiction. State v. Manry, 118 Texas, 449, 16 S. W. (2d) 809.

PER CURIAM.—This is a mandamus proceeding, involving the right of the relator to the office of Highway Commissioner.

An answer has been filed by the respondents, which shows that the question of his right to the office is now before the Court of Civil Appeals for the Third District, upon appeal thereto by the relator from a judgment of the District Court of Travis County ousting him from said office.

Since the District Court of Travis County first obtained jurisdiction of the subject-matter of the instant application, and in the exercise of its power rendered judgment against the relator, and since the Court of Civil Appeals obtained jurisdiction of the appeal therefrom by an appeal duly taken by the relator, it is clear that this Court can not interfere with the exercise of the power conferred upon the Court of Civil Appeals until that Court has gone to judgment and proper application has been made to this Court for revision of its decree. The jurisdiction of the Court of Civil Appeals, in so far as the matters here presented are concerned, is adequate and exclusive, and it would be our duty, to protect that jurisdiction, not to interfere with it. Cleveland v. Ward, 116 Texas, 1, 19, 285 S. W., 1063.

Aside from the above, mandamus does not issue except where the ministerial officer has abused his discretion and upon a clear showing that the relator is entitled to relief. 38 Corpus Juris, p. 659, sec. 199, p. 660, sec. 201; Common School Dist. v. Keeling, 113 Texas, 523, 527, 261 S. W., 364; Herring v. Houston Natl. Ex. Bank, 113 Texas, 264, 253 S. W., 813. Neither condition obtains here. With the relator's right to the office in litigation, and upon appeal from a judgment against him, we cannot say that the Comptroller has abused his discretion in declining to pay relator the compensation claimed by him, or that his right to the relief prayed for is clear.

The motion for leave to file is overruled.