Peter GREGGS et al., Appellants,

v.

Mel FAULK, County Clerk, Tarrant County, Texas, Appellee.

No. 16211.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 17, 1961.

Art B. Clifton, Grand Prairie, for appellants.

Brown, Herman, Scott & Young and Jesse M. Brown, Fort Worth, for appellee.

BOYD, Justice.

Peter Greggs and eleven others, by written application, which stated that they resided in and were qualified voters of the City of Grand Prairie, in Tarrant County, applied to Mel Faulk, County Clerk of Tarrant County, for the issuance of petitions to be circulated among the qualified voters of Grand Prairie who resided in Tarrant County, for the purpose of obtaining enough signatures to the petitions for submission to the Commissioners' Court of Tarrant County whereby an election would be called so that the qualified voters of the portion of Grand Prairie situated in Tarrant County could determine whether the sale of all alcoholic beverages would be legalized. The application was submitted to Faulk on June 3, 1960, but Faulk refused to accept or file the same, refused to issue the requested petitions, and refused to determine the qualification of the petitioners to sign the application. The application was again presented to Faulk on June 7, 1960, with like result.

On June 10, 1960, Greggs and the other applicants filed suit for a writ of mandamus to compel Faulk to accept the application and issue the petitions. Upon a hearing, the petition for mandamus was denied, and Greggs and the other applicants have appealed.

Appellants alleged that they were all resident qualified voters of that portion of Grand Prairie situated in Tarrant County, that their application had been presented to appellee on June 3, 1960, and again on June 7, 1960, and that appellee arbitrarily and without legal reason refused to issue the requested petitions; and further alleged that the acts requested of appellee were ministerial ones, the failure and refusal to perform which had deprived appellants of their rights as provided by the Texas Liquor Control Act, and that they had no adequate remedy at law. They alleged full compliance with the Texas Liquor Control Act. It was further alleged that an application of the same kind and for the same purpose had been presented to the County Clerk of Dallas County, who issued the requested petitions, and that they had been circulated among the qualified voters of that part of Grand Prairie situated in Dallas County, and had been returned for filing and certification. Appellants' petition for mandamus was verified, and the application which was presented to appellee was attached to and made a part of the petition. Appellee filed a verified answer and an exception to the effect that "No provision in law has been made by the Legislature of the State of Texas for the holding of local option elections where a portion of the area in which the local option election is sought to be held lies in one county, and another portion in an adjoining county, and the law does not require this Respondent under these conditions to do a futile thing, to-wit, deliver to plaintiffs forms for petitions asking the Commissioners' Court to hold an election in a portion of the town or city of Grand Prairie where no statute authorizes the holding of such an election." He answered that he would not be able to determine whether the signers of the application were qualified voters in that part of Grand Prairie situated in Tarrant County because the Tarrant County part of that City was in Election Precinct No. 145, which precinct comprises a much larger territory than the portion within the corporate

limits of that City, and includes a portion of the City of Arlington, and that there is no separate poll list of voters who reside in Grand Prairie.

No evidence was offered, and the court considered the verified pleadings and filed findings of fact and conclusions of law. It was found that there is no separate voting precinct in Tarrant County lying wholly within that portion of Grand Prairie lying in Tarrant County, and that Grand Prairie lies eighty per cent in Dallas County and twenty per cent in Tarrant County. The court concluded that a local option election in only a portion of an incorporated city would be unauthorized and void, and that the court was not empowered to require by mandamus the performance of an unauthorized act.

By the provisions of Art. 16, sec. 20 of the Texas Constitution, Vernon's Ann.St. and Art. 666—32 of the Penal Code, V.A.T.S., a local option election authorizing or prohibiting the sale of alcoholic beverages may be held in a county, a justice precinct, or an incorporated city or town.

In Patton v. Texas Liquor Control Board, Tex.Civ.App., 293 S.W.2d 99, it was held that there is no constitutional or statutory authority for such a local option election to be held in only a part of a justice precinct, which part included all of the precinct lying without an incorporated city. We think the same rule would apply where the election is sought in part only of an incorporated city. Mandamus will not lie to compel a public officer to perform some act unless its performance is clearly imposed upon him by law. Holman v. Pabst, Tex.Civ.App., 27 S.W.2d 340. We think there is no clearly imposed duty upon appellee to issue petitions to be circulated for signatures for the purpose of calling a local option election in a part of an incorporated city, even though it be for all of such city which is situated in the officer's county.

The judgment is affirmed.