Tom E. ELLIS, Appellant,

v.

H. Wayne HANKS et al., Appellees.

No. 17894.

Court of Civil Appeals of Texas, Dallas.

Feb. 24, 1972.

Rehearing Denied March 16, 1972.

and "that such local option election be held and conducted and the results thereof certified by the appropriate officials of Dallas County, Texas."

The parties entered into a stipulation of facts (1) that the City of Grand Prairie is an incorporated home rule city; (2) that approximately 80 per cent of the qualified voters of the City of Grand Prairie reside in Dallas County and approximately 20 per cent of said qualified voters reside in Tarrant County. That the qualified voter lists are available from the County Clerk of Dallas County to determine the qualified resident voters of the City of Grand Prairie situated within Dallas County and that qualified voter lists are available from the County Clerk of Tarrant County to determine the qualified resident voters of the City of Grand Prairie residing in Tarrant County and "that the election judges, clerks and watchers may be appointed in accordance with the general laws of the State to determine the actual residence of any voters voting in such local option election"; that the city hall of Grand Prairie is located in Dallas County and all of its official functions take place in said county, including the designation of election precincts, for the conduct of its municipal elections; and (5) the plaintiffs and each of them are duly qualified residents and voters of the City of Grand Prairie.

The trial court, sitting without a jury, heard the case on the stipulation and found as a matter of law that the legislature of the State of Texas intended to provide for said local option election in any incorporated city or town, including those cities, including territory or qualified voters physically located in more than one county, and that therefore such local option election should, as a matter of law, be held and conducted for the City of Grand Prairie by the appropriate officials of Dallas County, Texas. The court then ordered and directed Tom E. Ellis to "issue the petitions for local option election for the City of Grand Prairie, Texas sought by Plaintiffs herein and that said local option election be held

Henry Wade, Dist. Atty., Wilson Johnston, John B. Tolle, Asst. Dist. Attys., Dallas, for appellant.

Jerry D. Brownlow, John M. Thorne, Michael N. Buckley, Pettigrew, Buckley & Wagner, Grand Prairie, for appellees.

CLAUDE WILLIAMS, Chief Justice.

H. Wayne Hanks and eleven other citizens of the City of Grand Prairie, Texas brought this action in the district court against Tom E. Ellis in his official capacity as County Clerk of Dallas County, Texas in which they sought a writ of mandamus and, in the alternative, a declaratory judgment. Plaintiffs below alleged that they had presented to defendant Ellis a duly executed written application for petitions for a local option election to be held within the corporate limits of the City of Grand Prairie pursuant to authority of Article 666–32, Vernon's Texas Penal Code, commonly referred to as Texas Liquor Control Act, but that Ellis had failed and refused to issue to the plaintiffs the petitions on the grounds that a portion of said city lies in Dallas County, and another portion of the city lies in Tarrant County, so that neither he nor the Commissioners Court of Dallas County, Texas is required to or has jurisdiction to order such a local option election within the limits of the City of Grand Prairie. Plaintiffs further allege that the failure on the part of Ellis to perform his ministerial duty as required by law requires the issuance of a writ of mandamus directing and compelling him to do so. In the alternative, the plaintiffs allege that they are entitled to a declaratory judgment declaring that the local option election should be conducted by the appropriate officials of Dallas County, Texas as prescribed by the Texas Liquor Control Act. Plaintiffs' prayer was for mandamus

and conducted by the appropriate officials of Dallas County, Texas in the manner prescribed by the Texas Liquor Control Act * * *."

Ellis appeals contending that since there is no clear statutory authority granting him, or any other official of Dallas County, the right to exercise jurisdiction over that portion of the City of Grand Prairie lying in Tarrant County the trial court was without authority to issue the mandamus against him and order the election held. In reply appellees contend that, while it is true the legislature did not provide specifically that elections under the Texas Liquor Control Act could be held in incorporated cities which contained territory and citizens in two separate counties, yet it was the manifest intent and purpose of the legislature to so provide and that to hold otherwise would deprive the citizens of Grand Prairie their right to hold the election.

Article 16, section 20(b), Constitution of Texas, provides that:

"The Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct or incorporated town or city, may, by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within the prescribed limits; * * *."

By authority of such constitutional mandate the legislature in 1935 enacted the "Texas Liquor Control Act" being Articles 666-1, et seq., Vernon's Penal Code. Article 666-32 of the Texas Liquor Control Act, having been amended in 1953, 1955, 1963, and 1967, provides that upon written application of any ten or more qualified voters of any county, justice precinct, or incorporated city or town, the county clerk of such county shall issue to the applicants a petition to be circulated among the qualified voters "thereof" for the signatures of those qualified voters in such "area" who desire that a local option election be called therein for the purpose of determining whether the sale of alcoholic beverages shall be prohibited or legalized within the "prescribed limits of such county, justice precinct, or incorporated city or town." After the petition is issued and returned and filed with the county clerk bearing the actual signatures of as many as 25 per cent of the qualified voters of such county, justice precinct, or incorporated city or town, it is required that the commissioners court at its next regular session shall "order a local option election to be held upon the issue set out in such petition." It is further provided that: "It shall be the duty of the county clerk to check the names of the signers of any such petition, and the voting precincts in which they reside, to determine whether or not the signers of such petition were in fact qualified voters in such county, justice precinct, or incorporated city or town at the time such petition was issued * * *." Section 32 of the Act specifically provides:

"The commissioners court of each county in the state, upon proper petition, shall order an election wherein the qualified voters of such county, or of any justice precinct, or incorporated city or town therein, may by the exercise of local option determine whether or not the sale of alcoholic beverages of one or more of the various types and alcoholic contents shall be prohibited or legalized within the prescribed limits of such county, justice precinct, or incorporated city or town."

Article 666-32½, Texas Penal Code, provides that:

"(a) The expense of holding any local option election authorized by the Texas Liquor Control Act in any county, justice precinct or incorporated city or town shall be paid by the county * * *."

Article 666-33 provides that the election ordered to be held by the commissioners court shall be held at a voting place within each regular county election precinct as established by the commissioners court within the affected territory if the election is

for the entire county or for a justice precinct, and at a voting place within each election precinct established by the governing body of the city or town for its municipal elections if the election is for an incorporated city or town. If the governing body of a city or town has not established precincts for its municipal elections, the commissioners court shall prescribe the election precincts for the local option election, under the rules governing establishment of precincts for municipal elections. "The order shall also state the precinct numbers of county precincts included in each municipal election precinct if the election is for an incorporated city or town. The general election laws shall govern the appointment of the election judges and clerks, who shall be qualified voters of the election precinct in which they are named to serve."

Article 666–37 provides for the commissioners court to hold a special session after the election for the purpose of canvassing the votes and certifying the results within the political subdivision wherein the election is held.

■ It becomes immediately apparent from the record and the applicable law that the portion of the judgment appealed from which provides that: "said local option election be held and conducted by the appropriate officials of Dallas County, Texas in the manner prescribed by the Texas Liquor Control Act, * * *" must be vacated and held for naught for the reason that necessary and indispensable parties are not before the court. Tom E. Ellis, the County Clerk of Dallas County, being the only party defendant in this cause, is not the appropriate official to order the election provided for by the Texas Liquor Control Act. It is, as above demonstrated, the duty and function of the County Commissioners Court, composed of the four County Commissioners and County Judge of Dallas County, acting as the Commissioners Court, to call or order the election. These "appropriate officials" of Dallas County are not parties to this litigation nor before the court and therefore are not bound by the order of the trial court directing them to proceed to hold and conduct the election.

■ The absence of necessary and indispensable parties may be noticed by the Court of Civil Appeals on its own motion. Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435 (1936); and Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W. 2d 891 (Tex.Sup.1966). Our Supreme Court in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947), narrowed the concept of fundamental error but held that such error that directly and adversely affects the interest of the public generally is fundamental error. As this court pointed out in Schafer v. Stevens, 352 S.W.2d 471 (Tex.Civ.App., Dallas 1961), instances of fundamental error are rare but when an error involves matters of public interest and the record affirmatively and conclusively shows such error so that the court rendering judgment was without jurisdiction of the subject matter, the error will be regarded as fundamental. See also "Presentation of a Case to the Supreme Court of Texas," Justice Joe Greenhill, 38 Tex. L.Rev. 538, 541 (1960); and Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324 (1956), in which it was held that all persons who have or claim a direct interest in the object and subject matter of the suit and whose interest will necessarily be affected by any judgment that may be rendered therein, are not only proper parties, but are necessary and indispensable parties.

■ We next turn to a consideration of the validity of that part of the judgment wherein the trial court orders and directs appellant Ellis to issue the petitions for local option election for the City of Grand Prairie. Appellant contends that the issuance of the petitions for the election would be a fruitless gesture since there is no clear statutory authority for the officials of Dallas County to order a local option election for the City of Grand Prairie, a portion of which lies in Tarrant County.

our Supreme Court in Manion v. Lockhart, 131 Tex. 175, 114 S.W.2d 216, 219 (1938), said that the law is well settled that a writ of mandamus will not issue where the issuance of such writ would be fruitless or futile. More recently the same rule was reiterated in Parks v. Elliott, 465 S.W.2d 434 (Tex.Civ.App., Houston (14th Dist.) 1971).

■ We are here confronted with the novel and unique question concerning the right of the people of the City of Grand Prairie to hold an election in which the citizens of that city may freely exercise their choice concerning the sale of intoxicating liquors within the limits of the municipality. The right to hold an election is not inherent in the people but it must be derived from the law. 21 Tex.Jur.2d, "Elections", § 52, p. 282; Smith v. Morton Independent School Dist., 85 S.W.2d 853 (Tex.Civ.App., Amarillo 1935); Ellis v. State, 383 S.W.2d 635 (Tex.Civ.App., Dallas 1964); and Parks v. Elliott, 465 S.W.2d 434 (Tex.Civ. App., Houston (14th Dist.) 1971). The people, by constitutional amendment, directed that the legislature shall enact a law or laws providing for elections in counties, justice precincts, or incorporated towns or cities. Article 16, section 20(b), Constitution of Texas. This amendment to the Constitution was not self-enacting but specifically grants to the legislature the power and duty to enact appropriate laws to implement the constitutional mandate relating to local option elections. The legislature, pursuant to such authority, enacted the various articles of the Texas Penal Code commonly referred to as the Texas Liquor Control Act. The specific enactment, referred to above, delegates to the commissioners court of each county of the state, upon proper petition, the right to order an election in any "incorporated city or town therein" to determine whether or not the sale of alcoholic beverages shall be prohibited or legalized within the prescribed limits of such incorporated city or town. It is significant to note that the authority to hold the election is vested solely in the county commissioners court and not in the officials of the incorporated city or town involved. This is especially important in the unique situation here presented where the incorporated City of Grand Prairie is geographically located in two separate counties, Dallas and Tarrant.

■ Being a creature of the Constitution the county commissioners court has no power or jurisdiction beyond the limits of the county itself. Article 5, section 18, Constitution of Texas; Sun Vapor Electric Light Co. v. Kenan, 88 Tex. 197, 30 S.W. 868 (1895); Ranken v. McCallum, 25 Tex.Civ.App. 83, 60 S.W. 975 (1901); El Paso County v. Elam, 106 S.W.2d 393 (Tex.Civ.App., El Paso 1937).

■ A careful reading and analysis of the entire Texas Liquor Control Act clearly demonstrates that the legislature, while obeying the constitutional mandate concerning the enactment of the laws relating to elections in counties, precincts and incorporated cities, has failed to provide the method and machinery for the holding of an election in an incorporated city or town which is geographically located in two separate counties. Appellees, while acknowledging the fact that no specific provision has been made by the legislature, ask us to determine that it was the legislative intent to provide for elections in cities which encompass areas located in more than one county. We cannot agree with appellees for the simple reason that we find no words in the Act itself which would indicate such intention on the part of the legislature. On the contrary we find at least two references in the Act itself which would indicate that the legislature intended to delegate to the commissioners court authority to hold elections in municipal corporations located wholly within the county limits. First, the express terms of Article 666–32½(a) of the Penal Code expressly places the burden upon the county itself to pay the expenses of holding any local option election in the incorporated city or town. As above pointed out, the commis-

sioners court is constitutionally restricted to county business within the limits of the county itself. Thus the County Commissioners Court of Dallas County would find no authority in the Act authorizing it to pay expenses, or part of the expenses, of an election held partly in Tarrant County. Secondly, Article 666–33 of the Penal Code provides that the commissioners court shall hold the election and its order shall state the voting place for each of the precincts included in each municipal election precinct. It is also provided that the general election laws shall govern the appointment of the election judges and clerks. Here again we are confronted with the right and power of the commissioners court to regulate voting precincts in that part of the City of Grand Prairie lying and being situated in Tarrant County.

For the reasons stated we are of the opinion that in the present status of the law the County Commissioners Court of Dallas County has no authority or power to order and direct a local option election pursuant to the Texas Liquor Control Act in the City of Grand Prairie. To do so would require the exercise of power over that part of the city lying in Tarrant County, and such power is not specifically granted to the Commissioners Court of Dallas County. Relief from such situation is legislative and not judicial. It would be completely beyond the power of this court to attempt to provide rules and regulations for the holding of a local option election in the City of Grand Prairie. Such relief must be obtained from the legislature.

We hold that there is no statutory authority for the County Commissioners Court of Dallas County to order and hold a local option election pursuant to the Texas Liquor Control Act within the confines of the City of Grand Prairie, and therefore it would be a useless and futile thing to order the appellant Ellis to issue the petitions for such election.

The judgment of the trial court is reversed and rendered that appellees take nothing by their action against appellant Ellis.

Reversed and rendered.