

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 19, 1975

The Honorable Homer R. Taylor
County Attorney
304 Courthouse Building
Wharton, Texas 77488

Opinion No. H- 668

Re:  Whether Wharton County
may cease to operate its
county hospital.

Dear Mr. Taylor:

You have requested our opinion concerning the following question:

Other than by leasing, how may the Commissioners
Court of Wharton County cease operation of Nightin-
gale Hospital, a county hospital?

In particular, you ask if the County Hospital may be sold or disposed of
pursuant to an election. According to the 1970 census, the population of
Wharton County was 36,729. The assessed valuation of Wharton County
for ad valorem purposes was $147,913,439 in 1974. Articles 4494j,
4494k, and 4494m, V.T.C.S., which are bracket statutes providing for
the sale of a county hospital, are therefore inapplicable to Wharton County.

In Attorney General Opinion M-448 (1969) it was indicated that Wharton
County was required to maintain operation of its hospital. It is well
established that a commissioners court may exercise only those powers
which are specifically conferred by constitution or statute. Canales v.
Laughlin, 214 S.W. 2d 451 (Tex. Sup. 1948); Attorney General Opinion
H-16 (1973). See also C-463 (1965). We have discovered no statutory
provisions which would authorize Wharton County to cease operation of
Nightingale Hospital other than by lease. See V.T.C.S., art. 4494. The
same conclusion was reached in Attorney General Opinion M-448 (1969)
concerning the authority of the Commissioners Court to sell Nightingale
Hospital.

You suggest that an election could be held whereby the voters of Wharton County may decide to close or sell the Hospital. In our opinion such an election would have no effect, for it is well established that an election is null and void unless held pursuant to constitutional or statutory authority. Countz v. Mitchell, 38 S. W. 2d 770 (Tex. Sup. 1931); Ellis v. Hanks, 478 S. W. 2d 172 (Tex. Civ. App. --Dallas 1972, writ ref'd., n. r. e.); Ellis v. State, 383 S. W. 2d 635 (Tex. Civ. App. --Dallas 1964, no writ); Coffee v. Lieb, 107 S. W. 2d 406 (Tex. Civ. App. --Eastland 1937, no writ); Smith v. Morton Independent School District, 85 S. W. 2d 853 (Tex. Civ. App. --Amarillo 1935, writ dism'd.). As there is no statutory or constitutional authorization, it is our opinion an election which would purport to authorize the sale or discontinuation of operation of Nightingale Hospital would be without effect. While the Legislature could provide for the sale or other disposition of county hospitals in such counties as Wharton, it has not done so.

## SUMMARY

There is currently no statute authorizing Wharton County to cease operation of Nightingale Hospital other than by lease.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee