W. L. BURKE, Jr., Individually and as Chairman for the Abilene Committee on Taxation and Trade, Appellant,

v.

Mrs. Chester HUTCHESON, Appellee.

No. 4927.

Court of Civil Appeals of Texas, Eastland.

May 6, 1976.

Rehearing Denied May 27, 1976.

Bob Hanna, Robinson, Hanna, Burke & Moore, Inc., Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, amicus curiae, for appellee.

PER CURIAM.

W. L. Burke, Jr., Individually and as Chairman for the Abilene Committee of Taxation and Trade sought a writ of mandamus to compel Mrs. Chester Hutcheson, County Clerk of Taylor County, to certify to the Commissioner's Court of Taylor County the results of her count of the sig-

natures on a petition seeking to call a local option election. The writ was denied. Burke appeals. We affirm.

The Abilene Committee on Taxation and Trade in compliance with Article 666–32, Texas Penal Code, secured a petition to call a local option election for the sale of alcoholic beverages in the incorporated city limits of Abilene, Texas. The petition, after being circulated for signatures of voters, was returned to Mrs. Hutcheson for a count to determine whether the prescribed number of qualified voters had signed the petition in order that the election might be called. Mrs. Hutcheson, following a count of the signatures, agreed that more than the minimum qualified voters had signed the petition. She refused, however, to certify to the Commissioner's Court that the required number of qualified voters had signed the petition. Her refusal was based on the premise the City of Abilene lies in two counties and Article 666–32 did not provide for a local option election to be held in a city so located.

Burke had the burden to demonstrate clearly and unequivocally his right to compel Mrs. Hutcheson to perform a ministerial as distinguished from a discretionary act before he was entitled to the issuance of a writ of mandamus. The court in *Cobra Oil & Gas Corporation v. Sadler,* 447 S.W.2d 887 (Tex.1968) said:

"... 'It is elementary law that mandamus will not issue to compel a public official to perform an official act unless it is made to appear to the court that the relator's right to have the act performed is clear.' *Williams v. Pitts,* 151 Tex. 408, 251 S.W.2d 148 (1952); *City of McAllen v. Daniel,* 147 Tex. 62, 211 S.W.2d 944 (1948); *Stanford v. Butler,* 142 Tex. 692, 181 S.W.2d 269, 153 A.L.R. 1054 (1944); *City of Galveston v. Mann,* 135 Tex. 319, 143 S.W.2d 1028 (1940); *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939); *Texas National Guard Armory Board v. McGraw,* 132 Tex. 613, 126 S.W.2d 627 (1939); *Denison v. Sheppard,* 122 Tex. 445, 60 S.W.2d 1031 (1933); *Holcomb v. Robinson,* 118 Tex.

395, 15 S.W.2d 1027 (1929); *Common School District v. Keeling*, 113 Tex. 523, 261 S.W. 364 (1924); *Kemp v. Wilkinson*, 113 Tex. 491, 259 S.W. 912 (1924); *Trinity Life & Annuity Soc. v. Love*, 102 Tex. 277, 115 S.W. 26, 116 S.W. 1139 (1909); *Wortham v. Sullivan*, 147 S.W. 702 (Tex. Civ.App.1912, writ ref.)."

The court in *Heaton v. Bristol*, 317 S.W.2d 86 (Tex.Civ.App.—Waco 1958, writ ref.) cert. denied 359 U.S. 230, 79 S.Ct. 802, 3 L.Ed.2d 765, when discussing the rule to be applied before a mandamus may be issued against a public official for the performance of an alleged duty stated:

".  .  . we think the rule is that before a mandamus may be awarded against a public officer for the performance of an alleged duty, the duty must have already been imposed by plain, unambiguous and positive statute, and be imperatively required. It will never issue to enforce a doubtful right, nor where the regular duty is not clear and certain. The duty, in a word, must be ministerial, one which does not involve any discretion, and which leaves no alternative."

In *Wortham v. Walker*, 133 Tex. 255, 128 S.W.2d 1138 (1939), the court quoted the rule concerning the certainty of averments in petition for mandamus as:

".  .  . 'Relator, to be entitled to the right must at least have a clear legal right to the performance by respondent of the particular duty sought to be enforced, that is, there must be a clear legal right in relator and a corresponding duty on the part of the person to whom the writ is directed. No intendments are to be indulged. Relator must by averment and proof show an unqualified right to the writ. * * * Absent any clear legal right of relator which it is the duty of respondent to grant, there is no substantial resting place upon which to base the application, for in its final analysis the question for determination is whether the right of the aggrieved party is so free from doubt and the duty of the officer so clear and free from any substantial question that an order should issue to compel

performance. The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between the parties. If the right be doubtful, it must be first established in some other form of action. Mandamus will not lie to establish as well as enforce a claim of uncertain merit.' "

Tex.Penal Code Aux.Laws art. 666, § 32 (1975) provides in part:

"The commissioners court of each county in the state, upon proper petition, shall order an election wherein the qualified voters of such county, or of any justice precinct, or incorporated city or town therein, may by the exercise of local option determine whether or not the sale of alcoholic beverages of one or more of the various types and alcoholic contents shall be prohibited or legalized within the prescribed limits of such county, justice precinct, or incorporated city or town."

Upon the return of a petition for the calling of a local option election to the County Clerk, the Article requires:

".  .  . It shall be the duty of the county clerk to check the names of the signers of any such petition, and the voting precincts in which they reside to determine whether or not the signers of such petition were in fact qualified voters in such county, justice precinct, or incorporated city or town at the time such petition was issued, and to certify to the commissioners court the number of qualified voters signing such petition  .  ."

■ A county commissioner's court has no power or jurisdiction beyond the limits of the county itself. Article 5, § 18, Tex. Const.

Texas courts have held that where the Liquor Control Act failed to provide methods and machinery for holding a local option election in an incorporated city or town geographically located in two counties, the county commissioner's court of one county was without authority or power to order and direct a local option election in a city lying partly in two counties. *Ellis v. Hanks*, 478 S.W.2d 172 (Tex.Civ.App.—Dal-

las 1972, writ ref. n. r. e.); *Greggs v. Faulk,* 343 S.W.2d 543 (Tex.Civ.App.—Fort Worth 1961, no writ).

 There is no clear statutory authority for the officials of Taylor County to order a local option election for the City of Abilene, a portion of which lies in Taylor County and a portion of which lies in Jones County. The certification requested by appellant would be a useless act on the part of the clerk. The application for the writ of mandamus was properly denied. It is stated in *Ellis v. Hanks,* supra:

".   .   . our Supreme Court in *Manion v. Lockhart,* 131 Tex. 175, 114 S.W.2d 216, 219 (1938), said that the law is well settled that a writ of mandamus will not issue where the issuance of such writ would be fruitless or futile. More recently the same rule was reiterated in *Parks v. Elliott,* 465 S.W.2d 434 (Tex.Civ.App., Houston (14th Dist.) 1971)."

Burke contends that a construction of Article 666–32 prohibiting the calling of a local option election in a city located in two counties would result in the statute being unconstitutional and a denial of equal protection as guaranteed by the United States and Texas Constitutions.

■ We do not interpret appellant's petition or argument as seeking a declaration that Article 666–32 is unconstitutional. However, if we be incorrect, Section 11, Article 2524–1, V.A.C.S. provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and *if the Statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the State shall* also *be served with a copy of the proceeding* and be entitled to be heard." (Emphasis added)

The record does not reflect the prerequisite service on the Attorney General.

The judgment is affirmed.