

# The Attorney General of Texas

September 10, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
ston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John E. Chamberlain
Hall County Attorney
P. O. Box 699
Memphis, Texas    79245

Opinion No. JM-541

Re:  Whether Childress County is
authorized to annex a portion of
the Estelline School District
which lies in Hall County

Dear Mr. Chamberlain:

You ask whether section 19.021 of the Texas Education Code authorizes one county to annex an entire county-line school district without the consent of the other county affected. You indicate that the Childress County Commissioners Court annexed the entire Estelline Independent School District to the Childress Independent School District without the consent of the Hall County Commissioners Court. Approximately 75% cf the Estelline School District is located within Hall County. You assert that article 19.021 does not authorize Childress County to take action affecting property lying in another county without the consent or action of the other county.

Section 19.021 of the Texas Education Code provides, in part:

> (a)  The commissioners court of any county may create enlarged districts by annexing one or more common school districts or one or more independent school districts having less than 250 students in membership on the last day of the preceding school year to an independent school district having 150 or more students in membership on the last day of the preceding school year.

The question at hand is not simply whether section 19.021 expressly or impliedly requires the consent of both counties where more than one county is affected. The dispositive issue is whether section 19.021 authorizes one county to take action outside of its boundaries. If it does not, the other county's concurrent action over territory within its boundaries is essential.

Counties hold only those powers granted expressly or by necessary implication in the Texas Constitution and statutes. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Section 19.021 does not expressly authorize the annexation of a school district which lies partly within another county. The Education Code provisions which

Honorable John E. Chamberlain - Page 2  (JM-541)

authorize actions affecting two different counties usually do so
expressly. See, e.g., §19.051(b). Further, sections which authorize
actions affecting two or more counties require the concurrence of each
affected county. See §§19.022, 19.054. Section 19.021 addresses the
special situation presented by school districts with a small number of
students by authorizing the annexation of a district with less than
250 students without a petition of the district's registered voters.
See Griesenbeck v. Schindler, 552 S.W.2d 203, 205 (Tex. Civ. App. -
Eastland 1977, writ ref'd n.r.e.); Neill v. Cook, 365 S.W.2d 824, 829
(Tex. Civ. App. - Eastland 1963, writ ref'd n.r.e.), app. dism'd for
want of juris., 376 U.S. 202 (1964). Changes in the boundaries of
school districts which have a larger number of students require
petitions from the registered voters of the district. See Educ. Code
§§19.022 (detachment and annexation of territory); 19.052 (petition
for consolidation of school districts). Just because a voter petition
is not required does not mean that the consent of both counties is
unnecessary. The limited purpose of section 19.021 is significant in
determining whether it contains the implied authority for a county to
act outside of its boundaries and to do so without the consent of the
other county or counties affected.

No reported cases interpret section 19.021. Several cases,
however, interpret the statutes which preceded section 19.021. In
Foulks v. China Spring Independent School District, 452 S.W.2d 763
(Tex. Civ. App. - Waco 1970, writ ref'd), the court held that a
unilateral annexation of a school district located in one county to a
school district located primarily in another county is ineffective and
void without the consent of the other county. The court dealt with
article 2922a, V.T.C.S., an early predecessor to section 19.021. See
Acts 1969, 61st Leg., ch. 889, at 2735 (repealing article 2922a and
substituting, in part, section 19.001); Acts 1983, 68th Leg., ch. 285,
§1, at 1380 (replacing sections 19.001 and 19.261 with section
19.021). The court stated that "'[i]t is fundamental that the county
trustees of one county cannot alone create a district composed of
territory lying in two counties.'" 452 S.W.2d at 766 (quoting County
School Trustees of Runnels County v. State, 95 S.W.2d 1001, 1003 (Tex.
Civ. App. - Austin 1936, writ dism'd); see also County School Trustees
of Lubbock County v. Harral County Line Independent School District,
95 S.W.2d 204, 206 (Tex. Civ. App. - Amarillo 1936, no writ); County
School Trustees of Leon County v. Leon Independent School District,
336 S.W.2d 809 (Tex. Civ. App. - Waco 1960, no writ); Lorena Indepen-
dent School District No. 907 v. Rosenthal Common School District No.
007, 421 S.W.2d 491 (Tex. Civ. App. - Waco 1967, writ ref'd n.r.e.).

The statutory language at issue in Foulks referred to the power
of school trustees "in each organized county" to annex school
districts with less than 250 students to another district. Section
19.021 refers to "any" county rather than to "each" county. It has
been suggested that this change was intended to remove any requirement
that both counties must act in concert. However, a minor change in
phrasing made when the various civil statutes relating to one topic

are consolidated into one code is not presumed to indicate a change in meaning. See Sutherland: Statutory Construction, §28.10 (4th ed. 1985). Accordingly, the reasoning in Foulks also applies to section 19.021. As indicated, counties hold only those powers granted expressly or by necessary implication in the Texas Constitution and statutes. Section 19.021 does not expressly authorize annexation of a school district which lies within another county; it merely authorizes annexation of a district with less than 250 students without a petition of the district's registered voters. The court in Foulks suggested that the use of "each" county indicated that the provision may have been intended to apply only to school districts located within the same county. 452 S.W.2d at 766.

Texas case law suggests that the legislature cannot grant counties power to act unilaterally outside their boundaries without constitutional amendment. See Tex. Const. art. V, §18; Burke v. Hutcheson, 537 S.W.2d 312, 314 (Tex. Civ. App. - Eastland 1976, writ ref'd n.r.e.); Ellis v. Hanks, 478 S.W.2d 172, 176 (Tex. Civ. App. - Dallas 1972, writ ref'd n.r.e.). Article V, section 18, commits county business to each county's commissioners court. In Burke and Ellis the courts each held that a county commissioners court lacks the authority to order a local option election pursuant to the Liquor Control Act in cities located partly in two different counties. See Burke 537 S.W.2d at 314-15; Ellis, 478 S.W.2d at 177; see also Attorney General Opinion JM-468 (1986).

Your question, however, does not require reliance on whether the legislature may authorize one county to take unilateral action over territory lying within another county without running afoul of article V, section 18, of the Texas Constitution. Section 19.021 fails to provide the express or implied authority for a county to take action outside of its boundaries. Accordingly, the concurrent action of the other affected county under section 19.021 is essential.

### SUMMARY

Section 19.021 of the Texas Education Code does not authorize one county to take action affecting territory lying in another county without the concurrent action of the other county.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General