

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

April 4, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ray Keller
Chairman
Committee on Law Enforcement
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.   JM-468

Re:  Whether a municipality which
is  located  within  two  counties
may hold an election on the issue
of  the  sale  of  mixed  alcoholic
beverages

Dear Representative Keller:

You ask whether a municipality which is located within two counties may hold an election on the issue of the sale of mixed alcoholic beverages.

You advise us that the voters of a justice precinct located wholly within a county recently voted "wet" at a local option election on the issue of the sale of mixed alcoholic beverages within the precinct. In that election, the voters of a city located substantially within the precinct voted overwhelmingly to remain "dry." The citizens of the city, which is located in two counties, wish to hold an additional election for a local option determination for only the city. Texas courts have held that a local option election on the issue of the sale of mixed alcoholic beverages for a city geographically located in more than one county is not authorized by the Texas Constitution without enabling legislation, and no such legislation has been enacted.

Article XVI, section 20 of the Texas Constitution provides, in part, that

> Sec. 20. (a) The Legislature shall have the power to enact a Mixed Beverage Law regulating the sale of mixed alcoholic beverages on a local option election basis. . . .
>
> Should the Legislature enact any enabling laws in anticipation of this amendment, no such law shall be void by reason of its anticipatory nature.
>
> (b) The Legislature shall enact a law or laws whereby the qualified voters of any county,

> justice's precinct or incorporated town or city, may, by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within the prescribed limits. . . .

By authority of article XVI, section 20, the legislature enacted section 251.73 of the Alcoholic Beverage Code "[t]o insure that each voter has the maximum possible control over the status of the sale of alcoholic beverages in the area where he resides. . . ." Section 251.73 provides that the result of a duly called election for an incorporated city prevails against the result of a duly called election in a justice precinct or county in which the incorporated city is located. See also, Coker v. Texas Alcoholic Beverage Commission, 524 S.W.2d 570, 574 (Tex. Civ. App. - Dallas 1975, writ ref'd n.r.e.).

"The right to hold an election is not inherent in the people but . . . [is] derived from the law." Ellis v. Hanks, 478 S.W.2d 172, 176 (Tex. Civ. App. - Dallas 1972, writ ref'd n.r.e.) (and cases cited therein). Article XVI, section 20(b) of the Texas Constitution directs the legislature to enact laws providing for local option elections in counties, justice precincts, and incorporated cities. Article XVI, section 20 is not self-enacting, but grants the legislature the power and duty to enact appropriate laws to implement the constitutional mandate relating to local option elections. In accordance with that mandate, the legislature enacted the Texas Liquor Control Act, which was codified as the Alcoholic Beverage Code in 1977, and delegated to the commissioners court of each county the right to order a local option election in an incorporated city. The Alcoholic Beverage Code provides:

> On proper petition by the required number of voters of a county, or of a justice precinct or incorporated city or town in the county, the commissioners court shall order a local option election in the political subdivision to determine whether or not the sale of alcoholic beverages of one or more of the various types and alcoholic contents shall be prohibited or legalized in the county, justice precinct, or incorporated city or town. (Emphasis added).

Sec. 251.01.

The court in Ellis v. Hanks, id. at 176, expressed the opinion that it is significant that the authority to hold such an election is vested solely in the county commissioners court and not in the officials of the incorporated city. The legislature has not enacted law to provide the method or machinery for holding a local option

election in an incorporated city that is geographically located in two separate counties. The commissioners court of one county is not authorized to order and direct an election in a city lying partly in two counties. See Burke v. Hutcheson, 537 S.W.2d 312, 314 (Tex. Civ. App. - Eastland 1976, writ ref'd n.r.e.). See also Greggs v. Faulk, 343 S.W.2d 543, 545 (Tex. Civ. App. - Fort Worth 1961, no writ); Lampson v. South Park Independent School District, 698 S.W.2d 407, 422 (Tex. App. - Beaumont 1985, no writ).

The same court in Ellis v. Hanks pointed out that certain provisions, which now are codified in the Alcoholic Beverage Code, indicate that the legislature intended to delegate to the commissioners court authority to hold elections in cities located wholly within the limits of the county. A county commissioners court is constitutionally restricted to county business within the limits of the county. See Tex. Const. art. V, §18; Burke v. Hutcheson, id. at 314. Section 251.40 of the Alcoholic Beverage Code provides that the county shall pay the expense of holding a local option election in the county, justice precinct, or incorporated city in that county. A commissioners court has no authority to pay expenses of an election held outside the county. Section 251.34 specifies that the election shall be held at a voting place in each election precinct established by the governing body of the city for its municipal elections and if the governing body has not established precincts for its municipal elections, the commissioners court shall prescribe the election precincts for the local option election. Having no power or jurisdiction beyond the limits of the county, a commissioners court has no power to regulate voting precincts in a part of a city that is located in a separate county. See Ellis v. Hanks, at 176, 177.

It has been suggested that there must be a procedure by which cities located in two counties may exercise the constitutional right of self-determination through local option elections on the issue of alcoholic beverages. A constitutional provision that contemplates and requires legislation, such as article XVI, section 20, is not self-executing. The constitution may direct the legislature to enact laws to carry out a principle established by the constitution, but the power and duty to do so belongs exclusively to the legislature and no relief can be granted in the courts for the legislature's failure to act. See City of Corpus Christi v. City of Pleasanton, 276 S.W.2d 798, 803 (Tex. 1955); Duncan v. Gabler, 215 S.W.2d 155, 162 (Tex. 1948). Cf. Aston v. Allison, 91 S.W.2d 852, 854 (Tex. Civ. App. - Dallas 1936, no writ) (provision of constitution that is self-executing and exists independent of statutes). The court in Ellis v. Hanks also stated that it would be completely beyond the power of the court to attempt to provide the method and machinery for holding a local option election in a city located in two counties and that relief from such a situation, being legislative and not judicial, must be obtained from the legislature.

It also has been suggested that a city has a statutory right to a local option election under section 251.73, since it provides that the result of a duly called election in a city prevails over the result of a duly called election in a justice precinct or county. Section 251.73 relates to a duly called election and, in the case of a city located in two counties, the Alcoholic Beverage Code does not provide for a duly called election.

S U M M A R Y

Article XVI, section 20, of the Texas Constitution is not self-enacting. Texas statutes authorize only the county commissioners court to order a local option election in an incorporated city on the issue of the sale of mixed alcoholic beverages. The county commissioners court does not have authority or power to order and direct a local option election in a city lying partly in two counties.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General