**Garwin BAUGH, Relator,**

v.

**Mary Clem WILLIAMS, Secretary, City of Alto, Texas, Respondent.**

**No. 12–88–00256–CV.**

Court of Appeals of Texas, Tyler.

Oct. 20, 1988.

Craig D. Caldwell, Rusk, for relator.

Steven R. Guy, Rusk, for respondent.

PER CURIAM.

Relator seeks to enjoin issuance of certificates of obligation by the City of Alto, Texas. He contends that, upon his filing of a petition containing the signatures of some seventy-eight people, section 271.-049(c) of the Texas Local Government Code required the city to hold an election on approval of the proposed indebtedness. We granted Relator's motion for leave to file [1] and granted his request for temporary relief to prevent further action by the City. We conclude Relator is not entitled to the relief which he seeks.

---

The City of Alto, seeking to comply with edicts of the Texas Water Commission, is in the planning phase of rehabilitation of its sanitary sewer system. On the agenda for its September 12, 1988, meeting, the City Council listed consideration of issuance of certificates of obligation for the sanitary sewer plant rehabilitation. Also listed was consideration of a petition requesting a referendum. That petition, filed prior to the Council meeting, states:

SECOND PETITION FOR REFERENDUM CONCERNING ISSUANCE OF CERTIFICATES OF OBLIGATION IN THE AMOUNT OF $525,000

---

We, the undersigned, being qualified voters of Alto, Cherokee County, Texas, whose names appear as qualified voters on the most recently approved tax rolls of the City of Alto, request that a referendum be ordered on the question of whether certificates of obligation for up to $525,000.00 should be issued for the purpose of paying contractual obligations to be incurred for:

1.) the construction of improvements and extensions to the City's combined waterworks and sanitary system, including sewer treatment facilities; and

2.) professional services rendered in connection therewith.

The petition contains seventy-eight signatures. No other information accompanies the signatures.

■ It is well settled that a writ of mandamus will issue only to correct an abuse of discretion or the violation of a mandatory ministerial duty imposed by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985); *Burke v. Hutcheson,* 537 S.W.2d 312, 313–314 (Tex. Civ.App.—Eastland 1976, writ ref'd n.r.e.) (orig. proceeding) (and cases cited therein). The Local Government Code imposes a duty upon the issuer of obligations to obtain the approval of its electorate if a petition containing the signatures of five percent of the voters is timely presented.

---

1. This court is authorized to "issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election." Tex.Elec.Code Ann. § 273.061 (Vernon 1986).

Tex.Loc.Gov't.Code Ann. § 271.049(c) (Vernon 1988).[2]

■ The sole issue before us is whether the petition filed with the City of Alto was sufficient to invoke the election requirement of section 271.049(c). That section requires that the petition must have been signed by at least five percent of the qualified voters of the City of Alto, Texas. *Id.* Respondent does not suggest to this court that the number of signatures on the petition does not meet the five percent requirement. However, Respondent does contend that the petition's signatures are invalid because the petition does not also include the information required by section 277.002(a)(1) of the Texas Election Code.

The Election Code requires that a petition in connection with an election include certain information about its signers in addition to their signatures. Specifically, a signature is not valid unless the petition also includes:

(A) the signer's printed name;

(B) the signer's voter registration number;

(C) the signer's residence address; and

(D) the date of signing.

Tex.Elec.Code Ann. § 277.002(a)(1) (Vernon Supp.1988).

Relator concedes that the petition involved here does not contain that additional information. However, he does assert that the Election Code provision does not apply in this case. His position is that the Election Code provision and the Local Govern-

ment Code provision irreconcilably conflict and that the Local Government Code provision, a special or local provision, therefore controls. We do not agree.

Section 271.049(c) of the Local Government Code requires only that a petition protesting issuance of municipal certificates of obligation be "signed by at least five percent of the qualified voters of the issuer...." No attempt is made in that statute to define what constitutes a valid signature on such a petition. The Election Code, however, does enumerate the requirements for valid petition signatures, and those requirements expressly apply to petitions "authorized or required to be filed under a law *outside this code in connection with an election* ..." Tex.Elec.Code Ann. § 277.001 (Vernon Supp.1988).[3] A petition pursuant to Tex.Loc.Gov't.Code § 271.049(c) falls squarely within the stated scope of chapter 277 of the Election Code.[4]

Traditional notions of statutory construction[5] direct us to construe the statutes in such a manner as to give effect to each if at all possible. *See La Sara Grain Co. v. First National Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex.1984); *Driscoll v. Harris County Commissioner's Court*, 688 S.W.2d 569, 581 (Tex.App.—Houston [14th District] 1984, writ ref'd n.r.e.). That task presents no difficulty here. Local Government Code § 271.049(c) is fully effective to outline the procedure for authorization of issuance of certificates of authorization, including the percentage of quali-

---

2. Tex.Loc.Gov't.Code Ann. § 271.049(c) (Vernon 1988) provides:

   If before the date tentatively set for authorization of the issuance of the certificates or if before authorization, the municipal secretary or clerk if the issuer is a municipality ... receives a petition signed by at least five percent of the qualified voters of the issuer protesting the issuance of the certificates, the issuer may not authorize the issuance of the certificates unless the issuance is approved at an election ordered, held, and conducted in the manner provided for bond elections under Chapter 1, Title 22, Revised Statutes.

3. Petitions for three types of elections are expressly excepted from these requirements: (1) a local option election under the Alcoholic Beverage Code; (2) an election under Tex. Tax Code

§ 26.07 (to repeal a tax increase); and (3) an election under Tex. Tax Code § 26.08 (to limit school taxes); none of which applies here. It is instructive to note however, that in each of these cases the election statute itself addresses the validity requirements for petitions thereunder.

4. The petition here expressly calls for an election, rather than simply protesting the issuance, so there can be no doubt it is "in connection with an election."

5. Tex.Gov't.Code § 311.026(a) (Vernon 1988) was cited by Relator at oral argument. Although the statute applies to conflicts between general and special provisions, it reflects the traditional rule.

fied voters who must protest in order to mandate an election. Section 277.002 of the Election Code can also be given full effect when the petition for an election involved arises under the Local Government Code procedure. It is simply applied to determine the validity of the signatures of such a petition. There is no conflict between the statutes.

In this case the petition filed with Respondent, calling for an election under Tex. Loc.Gov't.Code § 271.049, contains only signatures. Relator has admitted that it does not satisfy the requirements of Tex. Elec.Code § 277.002, and it does not. The signatures on the petition are not valid. The City of Alto was not required to put approval of the proposed certificates of obligation to a vote.

The motion for leave to file was improvidently granted. Our order granting that motion and the temporary relief is hereby vacated and the petition is dismissed.