G. R. HOLCOMB v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE ET AL.

No. 5264. Decided April 10, 1929.
(15 S. W., 2d Series, 1027.)

*George Mendell, Jr.,* for relator.

*Claude Pollard,* Attorney-General, and *C. W. Trueheart,* Assistant, for respondent Robison.

*Jas. R. Wiley,* for respondents Gainesville Red River Bridge Co. and John Scofield.

MR. PRESIDING JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

Relator has been permitted by the Supreme Court to file his sworn petition, praying for the issuance of the writ of mandamus, requiring and directing the Respondent, Robison, as the Commissioner of the General Land Office, to approve the field notes heretofore filed in said office, of a certain parcel of land containing approximately 36 acres, lying contiguous to the south bank of Red River in Cooke County, alleged to be unappropriated public free school land, now designated as "Scrap File No. 13091, Survey No. 15" in the name of the Relator, and to classify it, fix the price and terms of sale thereof, and mail notice of same to Relator so that he may file an application to purchase same, in pursuance of his alleged letter of inquiry and subsequent survey of the land. The Gainesville Red River Bridge Company, a corporation, and John Mahan, a private person, are also named Respondents in the petition. Respondents filed separate answers, under oath, in both of which it is alleged that the land described in the petition is not a part of the unappropriated public free school land, but that it is private property, the fact being duly evidenced by a valid patent issued by the State. Both parties attached maps in explanation and support of their respective contentions.

It is clearly apparent that the pleadings present an issue of fact necessary to be determined by a court of competent jurisdiction, in order that the lawful rights of the Relator may be ascertained with respect to this land. Relator alleges the land is a part of the public

domain, belonging to the unappropriated public free school fund. Respondents allege it is private property, the title to which is evidenced by a valid patent. Mandamus will not issue to compel a public officer to perform an official act unless the complaining party shows a clear right to such performance and a clear duty to perform by the officer. Neither the right nor the duty can be thus shown, where an issue of fact is raised by the pleadings, duly authenticated. This being the situation the Supreme Court has no jurisdiction of the suit, which should be dismissed. We so recommend.

The opinion of the Commission of Appeals is adopted and the petition for mandamus dismissed.

C. M. Cureton, Chief Justice.