## PALMER PUB. CO. v. SMITH.

### No. 4953.

Court of Civil Appeals of Texas.
·Texarkana.

June 5, 1936.

Rehearing Denied June 18, 1936.

Renfro, McCombs & Kilgore and Wm. Andress, Jr., all of Dallas, for appellant.

Seb F. Caldwell, of Mt. Pleasant, for appellee.

JOHNSON, Chief Justice.

The appeal is from a judgment dismissing the case upon plaintiff's failure .to amend after the court had sustained a general demurrer to its petition.

· Appellant's petition sought a writ of mandamus to compel appellee, H. G. Smith, as superintendent of public schools of Titus county, to approve twenty-six warrants alleged to have been signed by a majority of the school trustees of each of the twenty-three common and independent school districts of Titus county against which they were issued. Appellant alleged· that the warrants were for the purchase price of a series of charts, alleged to be of the character prescribed and required by the State Superintendent of Public Instruction as a prerequisite to receiving state aid; that the warrants were issued for a valid and subsisting obligation; that they bear interest from April 1, 1933, at the rate of 8 per cent. per annum until paid; that each of said school districts has and had sufficient funds on hand to pay off and discharge said warrants; that they had been presented to appellee for his approval and that he had failed and·refused and still fails and refuses to approve the same, although it was his legal duty to approve them; and that appellee had not assigned any legal reason for his refusal to approve the warrants. The petition did· not allege that any appeal had been taken from the ruling of the county superintendent,·in refusing to approve the warrants, to the county board of school trustees.

█ Assuming, but not affirming, that appellant's petition was .otherwise sufficient to authorize the relief of mandamus as prayed for, we think it was subject to general demurrer for failure to allege that the remedy of appeal to the county board of school trustees as provided by statute had been complied with and exhausted before applying to the court for mandamus.

R.S.1925, art. 2686, as amended by 40th Legislature, p. 128, c. 83 (Vernon's Ann. Civ.St. art. 2686 and note), reads:

"All appeals from the decision ·of the County Superintendent of Public Instruction shall lie to the County Board of School Trustees, and should either party decide to further appeal such matters, they are here given the right to elect to appeal to any court having proper jurisdiction of the subject matter; or to the State Superintendent of Public Instruction as now provided by law, provided the election of which course of appeal ·the party or parties desire to pursue, shall be given within five

714

days from the final decision of said County Board of School Trustees, provided this Act shall not apply to any controversy now pending or to any orders of school authorities made more than five days before this Act becomes effective.

"All laws and parts of laws in conflict herewith are hereby repealed."

■ Mandamus is an extraordinary remedy and is not generally to be invoked, except to prevent the failure of justice for want of an established specified remedy. Certain well-established principles declared by our courts governing issuance of the writ of mandamus is stated in 28 C.J. 525, § 8, as follows: "Mandamus does not lie where the relator has another plain, effective and adequate remedy to obtain the relief sought. *The writ is the offspring of necessity arising from a failure of the law to furnish a remedy commensurate with the exigencies of the case.* It must be the last resort of the relator. Before mandamus will issue it must appear that the precise injury of which complaint is made cannot be relieved through the ordinary processes of redress. For example, *mandamus does not lie where the relator has an effective and adequate remedy by appeal* or writ of error, by certiorari or quo warranto, by an ordinary suit, *by resort to a remedy provided by statute,* or by motion in a federal court, or in a pending case." (Italics ours.) Also section 10 as follows: "The writ of mandamus cannot take the place or be used to perform the office, of an appeal or writ of error; and it does not lie where the relator has thereby an effective and adequate remedy. So the writ will not issue when it appears that the relator could have obtained the relief sought by taking, or claiming it in, *an appeal; * * * or where the relator has not exhausted a remedy afforded him by appeal to another officer or board,* or within a society of which he is a member." (Italics ours.)

The petition makes no attack upon the legal remedy of appeal provided for appellant by article 2686. No contention is made that it is not plain, effective, and adequate, or that it is otherwise insufficient for appellant's relief.

■ One of the wholesome purposes of the statute in providing the legal remedy of appeal to the county board of school trustees, where many of such matters may be adjusted upon hearing of the facts, is relief to school authorities from the inconvenience and expense of court trials. It is the policy of this state to remove regulation of school matters, as much so as reasonably possible, from the field of litigation and assign the adjustment of such differences to the sound judgment of the proper school authorities. Therefore, in providing the remedy of appeal to the county board of school trustees, we think it was the intention of the Legislature to require that it be followed before applying to the courts for relief in cases of this nature. At any rate, in the absence of a showing that it is inadequate or ineffective, its exhaustion is a necessary prerequisite to the right to maintain the action of mandamus, according to the settled rules of law governing courts in the issuance of that extraordinary writ, and especially in school matters. 37 C.J. 918, § 54; Donna Ind. School Dist. v. First State Bank (Tex. Civ.App.) 227 S.W. 974, 975, quoting: "It seems to be the fixed policy of the Legislature to create an educational system of public free schools that is sufficient unto itself and free as far as practical from any interference by the judiciary. The courts fully recognize the desire of the legislative branch of the state government and uniformly hold that the remedies provided for before school authorities must be exhausted before the courts will interfere."

The judgment of the trial court is affirmed.