

**THE ATTORNEY GENERAL**

**OF TEXAS**

AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

July 10, 1953

Hon. Austin F. Anderson
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas          Opinion No. S-65

                            Re: Several questions respect-
                                ing the management and
                                supervision of the finan-
                                cial accounts of a rural
Dear Sir:                       high school district.

          You have requested the advice of this office in
regard to several questions respecting the management
and supervision of the financial accounts of a rural
high school district.

          Answering each question specifically we advise
you as follows:

          "1. Who is responsible for keeping finan-
     cial accounts in a Rural High School District?"

          Article 2922k, Vernon's Civil Statutes, places
the immediate control of a rural high school district in
its board of school trustees. The most important func-
tion concerning control is that of spending the funds
belonging to the district. Article 2922 1, Vernon's
Civil Statutes, gives to the board of a rural high school
district the power to levy and collect taxes on the pro-
perty in the district for the maintenance of the schools
therein. Such tax when collected is to "be deposited in
the county depository to the credit of such rural high
school district." Article 2922i, Vernon's Civil Statutes,
authorizes a rural high school district board of trustees
to select from among its members a president and secretary.
All funds belonging to the district are to be paid out
on warrants <u>issued by the secretary</u> and <u>signed by the</u>
<u>secretary and president.</u> The secretary must keep a com-
plete itemized account of all receipts and disbursements.
Thus it can be seen that the responsibility for keeping
the financial accounts rests in the board of trustees,
and ministerially in its member-secretary.

"2. May the County Superintendent legally require a Rural High School District to furnish invoices on all bills before approving warrants properly drawn by a Rural High School District?"

The case of Palmer Publishing Company v. Smith, 130 Tex. 346, 109 S.W.2d 158 (1937), holds that the county superintendent has authority to decide as to the legality of the form of vouchers drawn against the school fund of his county, and even has authority to inquire into the legality of the indebtedness represented by such voucher. However, the county superintendent may only determine if the board of trustees acted within the scope of its authority in each debt it incurred and paid. If the special facts and circumstances of each act submitted to him for his approval give rise to no valid reason or ground in law for his refusal, then it is his official duty to approve the acts submitted. Peevy v. Carlile, 135 Tex. 132, 139 S.W.2d 779 (1940); Att'y Gen. Op. O-2454 (1940); Att'y Gen. Op. V-43 (1947).

"3. Is the Depository Bank for county school funds required to furnish a depository report each year, on the transactions of each Rural High School District in the county, or may they make a combined report for all the district?"

Article 2922 1, V.C.S., requires all taxes when collected to be deposited in the county depository to the credit of such rural high school district. All other funds belonging to the district must also be deposited in the county depository. Article 2922j, Vernon's Civil Statutes. Article 2830, Vernon's Civil Statutes, requires the county treasurer (depository) to keep a separate account with each district. As an incident of the duty of the secretary of a rural high school district to keep a complete itemized account of all receipts and disbursements he must obtain such information from the depository, since most of the funds deposited to the district's account are deposited by the tax collector or county superintendent. It is the duty of the depository to furnish such information to the secretary of the rural high school district whenever the secretary requests it.

"4. May the School Board of a Rural
High School District decide on the form of
warrant used, so long as it conforms to
standard banking practices, and has a place
for the County Superintendent to indicate
his approval?"

The responsibility for keeping financial ac-
counts is with the board of trustees. This responsibility
carries with it the right to prescribe the forms to be
used by the secretary in issuing warrants as well as in
recording all receipts and disbursements, except where
statute prescribes the form or places the responsibility
of prescribing it on some other official.

### SUMMARY

The general responsibility of managing
the financial business of a rural high school
district, and everything incidental thereto,
is vested in its board of trustees, subject
to the approval of the county superintendent
in regard to the validity of its acts.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

C. K. Richards
Reviewer

By Billy E. Lee
Billy E. Lee
Assistant

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

BEL:am