Richard A. FARNSWORTH, Petitioner,

v.

Otis MASSEY et al., Respondents.

No. A–8907.

Supreme Court of Texas.

Jan. 9, 1963.

On Rehearing Feb. 20, 1963.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston (Austin C. Wilson and Howard Wolf, Houston, of firm) for Massey and others.

Bell & Singleton (Otto A. Yelton, Jr., of firm) Hill, Brown, Kronzer & Abraham, Pat F. Timmons, Houston, for Farnsworth.

GRIFFIN, Justice.

Petitioner, as plaintiff, filed a suit in a District Court of Harris County, Texas, against Respondent Massey and others, as defendants, seeking a recovery for damages by virtue of a conspiracy on the part of defendants to defraud plaintiff of the value of certain corporate stocks. Plaintiff, in the alternative, sought the fair value of his corporate shares, under the provisions of Arts. 5.10–5.12 of the Business Corporation Act, Vernon's Texas Civil Statutes, hereinafter referred to as the "Act." After a trial before a jury, the trial court rendered judgment for plaintiff for the fair value ($312,000.00) of plaintiff's stock in

the "Old Companies," as found by the jury. Although the jury had answered the special issues submitted to them on plaintiff's fraud and conspiracy count in favor of plaintiff, and found $54,000.00 as damages, the trial court refused to render judgment in favor of plaintiff for such damages.

The defendants appealed to the Court of Civil Appeals. That court held that the trial court had no jurisdiction of the cause of action for fair value of plaintiff's stock, because plaintiff had not secured the appointment of an appraiser [Art. 5.12 (C and D) of the Act] and that plaintiff was bound to accept the value ($151,529.27) of his interest in the "Old Companies" as set by these Companies. The Court of Civil Appeals also held that plaintiff was entitled to recover on his cause of action for fraud and conspiracy and rendered judgment for the $54,000.00 damages as found by the jury. This made a total recovery awarded plaintiff by the Court of Civil Appeals of $205,-529.27, plus interest. 353 S.W.2d 262. All parties have filed applications for writ of error.

The Court of Civil Appeals has set out a statement of the facts, and we will not repeat them, except as may be necessary for an understanding of our opinion.

Plaintiff, as petitioner here, complains of the holding of the Court of Civil Appeals that the trial court had no jurisdiction to determine the fair value of plaintiff's shares of stock in "Old Companies" because plaintiff did not secure the appointment of an appraiser to fix this value. Plaintiff was the only dissenting shareholder.

From an examination of the pertinent provisions of the Act, we find in Paragraphs A and B there are certain preliminary things to be done, prior to the appointment by the court of the appraiser. All these preliminary steps had been taken by plaintiff, and he had filed his petition in the district court, as required by Paragraph B, Art. 5.12. The filing of the petition gave jurisdiction to the district court to proceed with the determination of the fair value of the plaintiff's corporate interest.

Paragraph C, after providing for the appointment of the appraiser, sets out his powers and duties in determining the fair value of plaintiff's shares, and ends: "The appraiser also shall have such power and authority as may be conferred on Masters in Chancery by the Rules of Civil Procedure or by the order of his appointment."

Paragraph D provides for the filing by the appraiser of his report with the clerk of the court and for notice to be given to the parties in interest, and that exceptions are "to be heard before the court both upon the law and the facts." The next proviso is: "The court shall by its judgment determine the fair value of the shares of the shareholders entitled to payment therefor and shall direct the payment of such value by the existing, surviving, or new corporation, together with interest thereon, to the date of such judgment, to the shareholders entitled thereto."

From a reading of the statutes, it is clearly shown that the court in which the suit is filed retains jurisdiction of the case until final disposition, subject to appellate review.

Art. 5.12 in Paragraph A(1) provides: " * * * Any shareholder failing to make demand within the ten-day period shall be bound by such corporate action" (authorizing the sale of the assets of the existing corporation and the terms of such sale).

Art. 5.12 B in the last sentence provides: "All shareholders thus notified and the corporation shall thereafter be bound by the final judgment of the court."

Art. 5.12 D provides: "Unless the dissenting shareholder shall file such petition within the time herein limited, such shareholder and persons claiming under him shall be bound by the corporate action to which he seeks to dissent." The petition referred to is the one described in Paragraph B, Art. 5.12.

**4**

■ While the Legislature was careful to set out only three instances where a dereliction on the part of the shareholder will result in his being bound by the corporate action, we find no such provision with regard to the appointment of an appraiser. The court (not the shareholder) is charged with the responsibility of appointing an appraiser.

■ From all the statutory provisions we hold that the appraiser called for is only an aid to the court in determining the fair value of the shares. There is no provision that the report of the appraiser shall be binding on the parties or the court. Objections and exceptions are provided for and these are to be determined *by the court,* not by the appraiser. The final determination of the fair value of the shares shall be by judgment of the court, not by the appraiser's report. (Emphasis added).

The appointment of the appraiser is not jurisdictional, but only a preliminary procedural step for the help and assistance of the court in determining the fair value of the shares of plaintiff. Northwest Greyhound Lines, Inc. v. McCornack (Wash. 1952) 251 P.2d 607(1).

It has been held that where an insurance policy provides for an examination of the premises or property claimed to be damaged before a suit may be brought, and the insured fails or refuses to comply with such provision, that such failure cannot be taken advantage of by a plea in bar, but must be reached by a plea in abatement. Humphrey v. National Fire Ins. Co. (1921, Comm. of Appeals) 231 S.W. 750; Phila. Underwriters' Agency, etc. v. Driggers (1922) 111 Tex. 392, 238 S.W. 633.

Also, it has been held that a failure to file a plea in abatement before proceeding to trial constitutes a waiver thereof. Safeway Stores, Inc. v. Rutherford (1938) 130 Tex. 465, 111 S.W.2d 688; 1 Tex.Jur.2d 95–96, Abatement & Revival, Sec. 82, pp. 95, 96, idem, Sec. 3, pp. 19–20.

It is admitted that no plea in abatement was filed in this cause and that the parties proceeded to a trial on the merits. The question of fair value of plaintiff's shares was tried to a jury, and the jury found such value as $312,000.00, the amount of the trial court's judgment.

■ By failure to file a plea in abatement, the defendants waived the right to insist that an appraiser be appointed. Had such a plea been filed, as required by Rules of Civil Procedure, we are sure the trial court would have sustained it and appointed an appraiser and followed the procedure set out in Art. 5.12.

The Court of Civil Appeals erred in holding that the failure to have an appraiser appointed was jurisdictional.

The plaintiff brought a common law action for damages in the sum of $300,000.00 based upon the theory that defendants had, in effect, wrongfully converted his corporate stock in the "Old Companies." He also sought special damages in the additional sum of $100,000.00 because of the alleged wrongful acts of the defendants. In the alternative, plaintiff pleaded for a recovery of the fair value of his stock to be determined by the procedure set forth in the Business Corporation Act.

■ While the plaintiff here contends that the jury's finding in answer to Special Issue No. 41 whereby the fair value of plaintiff's stock in the "Old Companies" was $312,000.00 may be properly referable to his common law theory of recovery, he likewise contends that such finding is properly sustainable as a finding of "fair value" under the Business Corporation Act, despite the failure of the Court to appoint an appraiser.

In our opinion, the jury's finding in answer to Special Issue No. 41 clearly relates to the statutory method of ascertaining the value of a dissenting shareholder's interest and is sustainable as such. Plaintiff is before this Court insisting that this finding

be sustained. This brings us to a consideration of the special damage item represented by the jury's finding in answer to Special Issue No. 14 whereby the jury found damages in the sum of $54,000.00. In so far as special damages are concerned, it probably makes little difference whether the $312,000.00 item (Special Issue No. 41) be considered a common law recovery or a recovery in accordance with the provisions of the Business Corporation Act. However, at this stage in the litigation, we are not concerned with the question of whether or not a litigant may initially elect to proceed at common law or under the statute, but rather with the question of whether a recovery of "fair value" under the statutory procedure precludes one from recovering special damages. We think that in a proper case such damages may be recovered. One may easily conceive of a factual situation wherein a recovery of an amount equal to the "fair value" of a dissenting shareholder's interest as of a certain date would not fully compensate him for the actual loss which he had sustained. An example of a case which would give rise to special damages over and above the "fair value" of the dissenting shareholder's interest would be one in which it was shown that for some period of time the majority interest in a corporation had through fraud and unfair deals succeeded in depressing the value of the corporation's shares of stock so that when their value was measured at a date immediately prior to the sale of the corporation's assets such value would not approximately reflect the extent of the dissenting shareholder's loss. In such a case special damages above the statutory "fair value" could be recovered. Other factual situations which would give rise to special damages over and above the "fair value" measure may be imagined. There seems to be nothing in the Business Corporation Act which evinces an intention by the Legislature to forbid the recovery of special damages. In fact, it appears that the Legislature, by adopting Article 5.14 of the Act, attempted to make it abundantly clear that

special damages of the nature here discussed were not precluded by the Act when an award of the "fair value" of a dissenting shareholder's stock would not fully compensate him for the loss sustained by him.

However, in the case before us, the plaintiff's claim to special damages fails because of a lack of pleading and proof. Acts which are expressly or impliedly authorized by law cannot be made the basis of a claim for damages. Under the Business Corporation Act a majority interest of four-fifths of the outstanding shares of the corporation may dispose of the corporation's assets, Article 5.10, subject to the rights of dissenting shareholders as set out in Articles 5.11 and 5.12. The statutory procedure was carried out in this case and it follows that the plaintiff has neither pleaded nor proved a basis for the recovery of special damages. Plaintiff's complaints of fraud relate to and are based upon the actions of the majority stockholders (representing more than 80% of the outstanding stock) of the "Old Companies" in selling the assets to the "New Companies" and preventing plaintiff from obtaining a stock interest in the "New Companies" which would correspond to his interest in the "Old Companies." However, as above pointed out, this action characterized by the plaintiff as a "freeze out" is one which the law permits, providing such action is authorized by four-fifths of the outstanding capital stock of the corporation which is selling its assets.

We accordingly hold that under the pleadings and proof, the recovery of $54,000.00 as special damages cannot be sustained.

We reversed the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

## ON REHEARING

In our original opinion we did not hold that a dissenting stockholder is deprived by the Business Corporation Act of his

common law remedies and under proper facts could not originally proceed other than by the statutory "fair value" remedy.

Under the facts of this case, it was not necessary for us to decide this question, which was reserved for future decision in a proper case.