AMARILLO CIVIL SERVICE
COMMISSION

v.

Shelby VITATOE.

No. 5074.

Court of Civil Appeals of Texas,
Eastland.

Oct. 6, 1977.

Robert Don Cheatham, City Atty., Amarillo, for appellant.

Buddy Wright, Fort Worth, Law Office of Tom J. Upchurch, Jr., Amarillo, for appellee.

RALEIGH BROWN, Justice.

This is a writ of mandamus case. Shelby Vitatoe sought to compel the Amarillo Civil Service Commission to issue a final order allegedly concerning his employment status with the Amarillo City Police Department. Vitatoe contended no final order was entered following a hearing before the Commission and that such an order was a prerequisite to an appeal to the District Court.

The Commission contended that the hearing from which the complaint arose concerned a charge of alleged discrimination against Vitatoe brought by him under the provisions of Section 123–A, Rule XXII of the Personnel Rules of the City of Amarillo; that his employment status, per se, was not at issue; that neither Section 124 of the Personnel Rules of the City of Amarillo, nor Article 1269m, V.A.T.S., had any application to such a hearing or to this case. Further answering, the Commission alleged that Section 123–A does not require a formal written order and it had issued a final order at the conclusion of its hearing. By supplemental answer, the Commission contended that Vitatoe had an adequate remedy at law and that his request should be barred by the equitable doctrine of laches.

Trial to the court resulted in the granting of the writ of mandamus ordering the Commission to issue a final order as to Vitatoe's employment status with the Amarillo City Police Department. The Commission appeals. We reverse and render.

■ Vitatoe must establish a clear right to such relief and must establish a clear duty on the part of the Commission to act before being entitled to the issuance of the writ. As stated by the Supreme Court in *Jessen Associates, Inc. v. Bullock,* 531 S.W.2d 593 (Tex.1975):

"Generally speaking, mandamus will lie only where the duty to act is clear and there is no disputed question of fact. *Cobra Oil & Gas Corporation v. Sadler,* 447 S.W.2d 887 (Tex.1970); *Williams v. Pitts,* 151 Tex. 408, 251 S.W.2d 148 (1952); *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138 (1939) . . . ."

In *Cobra Oil & Gas Corporation,* supra, the court said:

". . . 'It is elementary law that mandamus will not issue to compel a public official to perform an official act unless it is made to appear to the court that the relator's right to have the act performed is clear.' *Williams v. Pitts,* 151 Tex. 408, 251 S.W.2d 148 (1952); *City of McAllen v. Daniel,* 147 Tex. 62, 211 S.W.2d 944 (1948); *Stanford v. Butler,* 142 Tex. 692, 181 S.W.2d 269, 153 A.L.R. 1054 (1944); *City of Galveston v. Mann,* 135 Tex. 319, 143 S.W.2d 1028 (1940); *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939); *Texas National Guard Armory Board v. McCraw,* 132 Tex. 613, 126 S.W.2d 627 (1939); *Denison v. Sheppard,* 122 Tex. 445, 60 S.W.2d 1031 (1933); *Holcomb v. Robinson,* 118 Tex. 395, 15 S.W.2d 1027 (1929); *Common School District v. Keeling,* 113 Tex. 523, 261 S.W. 364 (1924); *Kemp v. Wilkinson,* 113 Tex. 491, 259 S.W. 912 (1924); Trinity Life & Annuity Soc. v. Love, 102 Tex. 277, 115 S.W. 26, 116 S.W. 1139 (1909); *Wortham v. Sullivan,* 147 S.W. 702 (Tex.Civ.App. 1912, writ ref.).

'Mandamus is a writ which issues to require the execution of a matter whose merit is beyond dispute and it may not be employed as scales in which to balance the weight of evidence or bridge the gap between broken or disconnected facts.' *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939) . . . .' "

The Commission argues the trial court erred in granting the writ because Vitatoe failed to demonstrate a clear legal right to such relief under the Personnel Rules of the City of Amarillo or under the provisions of Article 1269m, V.A.T.S. It also contends the court erred in issuing the writ because the uncontroverted evidence showed that Vitatoe had an adequate remedy at law and was guilty of laches. Finally, the Commission urges the court erred in holding that it failed to enter a final order subsequent to its hearing on May 12, 1976.

Vitatoe, through his attorney, requested a hearing before the Civil Service Commission. The request stated:

"In regard to the above styled cause, Mr. Vitatoe is filing an appeal under Section 123(a) of the Personnel Rules of the City of Amarillo for discrimination. This appeal is in addition to any other notices of appeal that Mr. Vitatoe has given since he was notified by the City that he would be transferred out of the Amarillo Police Department.

It is the contention of Mr. Vitatoe that he is being discriminated against by the City of Amarillo because of the removal from his position as a city police officer to another alleged position within the framework of City personnel.

It is his contention that he is being discriminated against by the City of Amarillo because of his sworn testimony made in the Civil Service Commission hearing on Officer Arthur Tupin and that his mental and physical condition has no bearing on his removal from his position as a police officer.

I would like to hear from you immediately with regard to a hearing date before the Civil Service Commission based upon the discrimination of the complainant with respect to Section 123(a)."

Section 123–A of the Personnel Rules of the City of Amarillo provides:

"Appeal from Discrimination. Employees, applicants, competitors and eligibles have rights of appeal to the Civil Service Commission in cases of alleged discrimination in any personnel action. Such complaints will be submitted to the Civil Service Commission in writing within ten (10) days from the date of the alleged discrimination. The appellant will be notified within ten (10) days, after a receipt of the appeal, whether a formal hearing shall be granted. If a formal hearing is granted, it will be held within 30 days after the receipt of the appeal. In no case shall an appeal be accepted from an employee until he has exhausted all administrative remedies available to him. The Civil Service Commission shall have authority to order remedial action in the event such action is warranted."

On May 12, 1976, the Commission, in compliance with the request, held an extended hearing which was attended by Vitatoe and his counsel. Following the hearing, the Commission announced its decision which, although reduced to written form, was never signed by the members of the Commission. The decision contained three basic parts:

"1. No grounds for alleged discrimination were found against Shelby Vitatoe.

2. The Chief of Police, L. W. Spradlin, acted within his authority in accordance with law with the information provided.

3. It is requested that Shelby Vitatoe submit, as soon as possible, to a complete physical examination at the City's expense by a qualified physician selected by the Civil Service Commission who shall have full power and authority to direct any additional medical tests or consult with any other physicians of his choosing and to report his findings directly to the Chief of Police of Amarillo in accordance with § 9 the last sentence, which states that the chief of each respective department shall be the sole judge as to whether or not such fireman or policeman is able to continue his duties."

Subsequent to the hearing and decision, Vitatoe was informed by letter to his attorney that the Commission's order was considered to be final and not appealable.

Vitatoe then brought the instant action alleging that the hearing on May 12, 1976, was to determine whether he had been terminated from his employment with the Amarillo Police Department and whether such termination was discriminatory. He also contended that the Commission refused to issue a final order concerning his employment status.

Vitatoe testified that the Commission had, in fact, afforded him a hearing as requested by his attorney under Section 123–A of the Personnel Rules of the City of Amarillo.

Vitatoe also testified that prior to his requested hearing, he had never been served with any paper alleging that he had been demoted, nor had he been served with any papers by any officer or employee of the City claiming that he had been suspended for disciplinary reasons. There is no testimony that any action was taken against Vitatoe of a disciplinary nature resulting in his suspension, demotion or dismissal.

Bill Nielson, Chairman of the Commission, testified that at the conclusion of the hearing on May 12, 1976, the Commission offered what they felt was a final decision in the matter.

■ The evidence establishes that the proceeding brought by Vitatoe was as provided by Section 123–A of the Personnel Rules of the City of Amarillo. The trial court in an unchallenged finding of fact found:

"1. The court finds that on May 12, 1976, a hearing was held by the Amarillo Civil Service Commission on the discrimination charges filed by the Petitioner in the above styled and numbered cause of action."

■ Section 123–A in providing for an appeal from alleged discrimination does not require the issuance of any order at the conclusion of such a hearing. Without such a requirement, Vitatoe failed to establish a clear legal right to a final order or a clear duty on the part of the Commission to issue such an order. He, therefore, failed to establish a right to mandamus relief.

The court in *Allen v. Crane,* 257 S.W.2d 357 (Tex.Civ.App.—San Antonio 1953, writ ref. n. r. e.), said:

". . . 'Final decision' means a decision which leaves nothing open to dispute. So long as matters remain open, unfinished or inconclusive, there is no final decision. See *Holdsworth v. U. S.,* 1 Cir., 179 F.2d 933, 935."

See also: *City of Houston v. Turner,* 355 S.W.2d 263 (Tex.Civ.App.—Houston 1962, no writ).

The Commission disposed of the alleged discrimination charge. It also found Chief of Police Spradlin acted within his authority. Such order, under this record, left nothing open for disposition with respect to the charges brought by Vitatoe. The request for Vitatoe to take a physical examination was surplusage to that order. No right was contingent upon whether or not Vitatoe responded to the Commission's request. *Massey v. Farnsworth,* 353 S.W.2d 262 (Tex. Civ.App.—Houston 1961), rev'd on other grounds, 365 S.W.2d 1 (Tex.1963); and *Davis v. Hemphill,* 243 S.W. 691 (Tex.Civ.App. —Fort Worth 1922, no writ). Therefore, the Commission's order of May 12, 1976 was a final order.

Article VI, § 8 of the Charter of the City of Amarillo provides:

"Rights of appeal to city commission; procedure.

Any employee who has appealed to the personnel board and is then dissatisfied with the final ruling of said personnel board, is given express right to appeal to the city commission by filing notice of his intent, in writing, with the city secretary within ten days after the final ruling of said personnel board, and thereupon, the city commission will hear such appeal at a definite time to be set by the city commission, not to exceed fifteen days."

Vitatoe did not exercise that right of appeal.

The court in *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709 (1945) said:

". . . Mandamus is an extraordinary writ and, like injunction, will not issue when the relator has another adequate legal remedy for the enforcement of his right. *Arkansas Building & Loan Association v. Madden,* 91 Tex. 461, 44 S.W. 823; *Palmer Publishing Co. v. Smith,* 130 Tex. 346, 109 S.W.2d 158; *Callahan v. Giles,* 137 Tex. 571, 155 S.W.2d 793."

In considering the issue of whether a writ of mandamus should issue, the court in *Iley v. Hughes,* 311 S.W.2d 648 (Tex.1958) said:

". . . Relator has an adequate remedy by appeal, and writs of mandamus will not issue to forestall or to correct errors

of a trial court committed in the course of a trial when the parties have an adequate remedy by appeal. *Aycock v. Clark,* 94 Tex. 375, 60 S.W. 665, 666; *Robertson v. Work,* 114 Tex. 461, 270 S.W. 1006; *Matthaei v. Clark,* 110 Tex. 114, 216 S.W. 856; *Coke v. Pottorff,* Tex.Civ.App., 140 S.W.2d 586. The foregoing rule was recognized by this Court in *Aycock v. Clark,* supra, when we said (94 Tex. 375, 60 S.W. 666): '. . . In the second place, it is elementary law that a mandamus is never awarded where the law has provided another plain, adequate, and complete remedy.' The Court went on to hold that an adequate remedy existed through appeal."

Vitatoe has failed to discharge his burden which would entitle him to the writ of mandamus. *Southwestern Bell Telephone Co. v. Shell,* 266 S.W.2d 476 (Tex.Civ.App.—Fort Worth 1954, no writ); *Harmon v. Dallas,* 229 S.W.2d 825 (Tex.Civ.App.—Dallas 1950, writ ref. n. r. e.); and, *King v. Guerra,* 1 S.W.2d 373 (Tex.Civ.App.—San Antonio 1929), dism'd on other grounds, 13 S.W.2d 908 (Tex.Civ.App.1929).

Article 1269m, Section 18, V.A.C.S., and Rule XXII, Section 124 of the Personnel Rules of the City of Amarillo provide for an appeal to District Court from an order of suspension or dismissal and additionally, Article 1269m provides for an appeal from an order of demotion.

Section 124 states:

"Appeal to District Court.

In the event any fireman or policeman is dissatisfied with the decision of the Commission, he may, within ten (10) days, after the rendition of such final decision, file a petition in the District Court *asking that his order of suspension or dismissal be set aside,* that he be reinstated in the classified service and such case shall be tried de novo." (Emphasis ours)

Section 18 of Article 1269m, V.A.C.S., provides:

"In the event any Fireman or Policeman is dissatisfied with the decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, *asking that his order of suspension or dismissal or demotion be set aside,* that he be reinstated in the Fire Department or Police Department, and such case shall be tried de novo. Such cases shall be advanced on the docket of the District Court, and shall be given a preference setting over all other cases. The court may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party. If the court finds for the fireman or policeman, the court shall order the city to pay lost wages to the fireman or policeman." (Emphasis ours)

The record of the hearing held by the Commission is not before this court. Vitatoe, in the instant case, contends the hearing was as to his status of employment. However, his request for the hearing was under the provisions of Section 123–A, Rule XXII of the Personnel Rules of the City, on a charge of alleged discrimination against him. His testimony presents no issue of any action taken against him resulting in his suspension, demotion or dismissal. The court found "a hearing was held by the Amarillo Civil Service Commission on the discrimination charges filed by the Petitioner."

The order of the Commission disposed of the alleged discrimination charge brought by Vitatoe from which a legal remedy was available. He did not challenge an order of suspension, dismissal or demotion. Therefore, Article 1269m, Section 18, V.A.C.S., and Rule XXII, Section 124 are inapplicable in the instant case.

Judgment is reversed and judgment rendered dissolving the writ of mandamus.