# NO. 12-18-00238-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM R. KRUSE AND DEBORAH KRUSE, APPELLANTS* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *HENDERSON TEXAS BANCSHARES, INC., APPELLEE* | § | *RUSK COUNTY, TEXAS* |

## *OPINION*

William R. Kruse and Deborah Kruse appeal from an adverse judgment in their suit to determine the value of their dissenters' shares of stock in Prosper Bancshares, Inc., which merged with Henderson Texas Bancshares, Inc. In their sole issue, Appellants contend the trial court abused its discretion when it denied their motion for a jury trial. We affirm.

### BACKGROUND

Appellants, owners of a minority share of common stock of Prosper Bancshares, Inc., were notified by that entity that it intended to merge into Henderson Texas Bancshares, Inc., and it proposed to pay minority shareholders $0.80 per share. Appellants voted against the merger, exercised their right of dissent, and demanded payment of $1.82 per share. The parties were unable to agree on the fair value of the stock. Appellants filed suit pursuant to Chapter 10 of the Texas Business Organizations Code. Citing Section 10.354(a)(2), they sought "the fair value of their ownership shares through an appraisal." Additionally, they sought "a finding and determination of the fair value of their ownership interests" pursuant to Sections 10.361 and 10.362. They included a jury demand requesting a trial by jury of all matters of fact. Appellants prayed that the

trial court appoint an appraiser to determine the fair value of the shares and order Henderson Texas Bancshares, Inc. to pay them the fair value of the shares.

The court determined that Appellants perfected their rights to dissent and are entitled to receive payment for the fair value of their ownership interests in Prosper Bancshares, Inc. With the agreement of the parties, the trial court appointed Donald Erickson to serve as appraiser and determine the fair value of Appellants' ownership interests in the stock. Erickson determined that the fair value of the stock was $0.96 per share. Appellants filed extensive objections to Erickson's report. Erickson filed an amended report in which he again determined that the fair value of the stock was $0.96 per share. Appellants filed objections to the amended report.

Appellants filed a motion for jury trial arguing they have a constitutional right to have their case heard by a jury. The trial court denied this motion, heard testimony, and rendered judgment that the fair value of Appellants' shares in Prosper Bancshares, Inc. is $0.96 per share, ordering that Appellants recover $108,494.56. This appeal followed.

## MOTION FOR JURY TRIAL

In their sole issue, Appellants contend the trial court abused its discretion by denying their request for a jury to find the fair value of their ownership interest in Prosper Bancshares, Inc. They argue that their right to a jury trial is supported by Article V, Section 10 of the Texas Constitution and Article I, Section 15 of the Texas Constitution. They also assert that the existence of fact questions prevents the district court from appraising their ownership interests as a matter of law, and the trial court's error is harmful.

**Standard of Review**

We review the trial court's denial of a request for a jury trial for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). We consider the entire record and determine whether the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *Id*.

**Applicable Law**

An owner of an ownership interest in a domestic entity subject to dissenters' rights pursuant to Chapter 10 of the Texas Business Organizations Code is entitled to dissent from a plan of merger, and, subject to compliance with the procedures set forth in the statute, obtain the fair value of that ownership interest through an appraisal. TEX. BUS. ORG. CODE ANN. § 10.354(a) (West

Supp. 2018). The statute specifies the procedures the owner must comply with in order to perfect his right of dissent and appraisal. *Id*. § 10.356 (West Supp. 2018). The owner must demand in writing that the responsible organization pay the fair value of the owner's ownership interests and state the owner's estimate of the fair value of the ownership interests. *Id*. § 10.356(b)(3). The organization may either agree to that amount or provide to the owner an estimate of the fair value of the ownership interests. *Id*. § 10.358 (West 2012).

If a dissenting owner and responsible organization cannot agree on the fair value of the owner's ownership interests, either party may file a petition with the court in the appropriate jurisdiction requesting a finding and determination of the fair value. *Id*. § 10.361(a) (West 2012). The court shall determine which owners have perfected their rights and become entitled to receive payment for the fair value of their ownership interests and appoint an appraiser to determine the fair value of those ownership interests. *Id*. § 10.361(e). The appraiser shall determine the fair market value of the ownership interests and file a report with the court. *Id*. § 10.363(b) (West 2012).

Either the dissenting owner or the responsible organization may object to the appraiser's report, based on the law or the facts. *Id*. § 10.364(a) (West 2012). If an objection to the report is raised, the court shall hold a hearing to determine the fair value of the ownership interest. *Id*. § 10.364(b).

In construing a statute, our objective is to determine and give effect to the legislature's intent. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). We examine the entire act, not just isolated portions of it. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). We start with the plain and common meaning of the statute's words. *Id*. If the statutory language is unambiguous, we will interpret the statute according to its plain meaning. *Id*. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). We presume that every word of the statute has been used for a purpose, and that every word excluded from the statute has also been excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). We also presume that the legislature enacted the statute with complete knowledge of existing law and with reference to it. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). It is further presumed that the legislature enacts a statute with the intention of complying with the Texas and United States constitutions. TEX. GOV'T CODE ANN.

3

§ 311.021(1). We may also consider the object sought to be obtained by the statute, common law or former statutory provisions, and the consequences of a particular construction. *Id*. § 311.023(1), (4), (5).

**Analysis**

The Texas Corporation Law provides an extensive scheme regulating every facet of formation, governance, and dissolution of a corporation in the state of Texas. *See* TEX. BUS. ORGS. CODE ANN. §§ 1.001-23.110 (West 2012 & Supp. 2018). Chapter 10 dictates how mergers, interest exchanges, conversions, and sales of assets are to occur. *See id*. §§ 10.001-10.902. The statute provides that an owner of an ownership interest has the right to dissent from a plan of merger and specifies the steps the owner must take as well as the responses required by the corporation. *See id*. §§ 10.351-.368. Because the statute is silent about the right to have a jury decide the fair value of the dissenting owner's interest, we must determine the legislature's intent and whether the Texas Constitution requires a jury in this instance.[1]

*Legislative Intent*

The bulk of Chapter 10 is addressed to the required actions of dissenting owners and the responsible organization. At certain junctures, the statute anticipates certain, discreet court interventions. As part of the extensive scheme for dissenting to a merger, owners must submit to the organization certificates representing their ownership interest for the purpose of making a notation that a demand for the payment of the fair value of an interest has been made. TEX. BUS. ORG. CODE § 10.356(d). If this is not done, the organization has the option of terminating the owner's right to dissent and appraisal, unless a court, for good cause shown, directs otherwise. *Id*. If the parties are unable to agree on the fair value of the interest, either party "may file a petition requesting a finding and determination of the fair value of the owner's ownership interests . . . ." *Id*. § 10.361(a). The court shall determine which owners have perfected their rights. *Id*. § 10.361(e). The rights of an owner terminate if, after a Section 10.361 hearing, the court adjudges the owner not entitled to dissent. *Id*. § 10.367(a)(4). Where owners have perfected their rights, the court shall appoint an appraiser, with powers granted by the court, to determine the fair value

---

[1] We note that, while there are numerous statutes that do not specify whether the legislature intends the matter to be heard before a jury, the legislature has made its intent clear at times. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.062(c) (West 2017) (hearing on modification of court-ordered mental services "shall be held before the court, without a jury . . ."); TEX. FAM. CODE ANN. § 55.32(c) (West 2014) (At hearing on juvenile's fitness to proceed, the "court shall determine the issue of whether the child is unfit to proceed unless the child or the attorney for the child demands in writing a jury . . . .").

of the ownership interest. *Id*. §§ 10.361(e), 10.363(a). The court shall approve the form of a notice required to be provided, and the judgment of the court is final and binding. *Id*. § 10.361(f). If an objection to the appraiser's report is raised, the court shall hold a hearing to determine the fair value of the ownership interest. *Id*. § 10.364(b). After the hearing, the court shall require the organization to pay the amount of the determined value. *Id*.

All judicial interventions referenced in Chapter 10 refer to a "court," often in the context of a "hearing." The terms "jury" and "trier of fact" do not appear in Chapter 10. A "court" is a "tribunal constituted to administer justice," especially "a governmental body consisting of one or more judges who sit to adjudicate disputes," or the "judge or judges who sit on such a tribunal." *Court*, BLACK'S LAW DICTIONARY (10th ed. 2014). The term "judge" is often used interchangeably with "court." *Judge*, BLACK'S LAW DICTIONARY.

The term "hearing" is defined as "[a] judicial session, usu. open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying." *Hearing*, BLACK'S LAW DICTIONARY. It is also termed "judicial hearing." *Id*. In contrast, the term "trial" is defined as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding" and includes both a jury trial and a trial before a judge without a jury. *Trial*, BLACK'S LAW DICTIONARY. Based on these definitions, it would seem that the use of a jury is not anticipated at a hearing.

Statutes are presumed to have been enacted by the legislature with complete knowledge of existing law and with reference to it. *Acker*, 790 S.W.2d at 301. Here, the legislature's intent to designate the court as the fact finder presiding over a hearing, rather than a formal jury trial, is evident from the plain meaning of the words used in the statute. *See City of San Antonio*, 111 S.W.3d at 25; *Williams v. Williams*, 19 S.W.3d 544, 547 (Tex. App.−Fort Worth 2000, pet. denied) (held that there is no right to have a jury make findings on an application for a family violence protective order pursuant to Chapter 82 of the family code).

Both parties reference a 1963 supreme court case affirming a jury trial involving appraisal of a dissenting shareholder's interest in the corporation. *See Farnsworth v. Massey*, 365 S.W.2d 1 (Tex. 1963). In that case, the plaintiff asserted a cause of action for conversion and, in the alternative, asked for recovery of the fair value of his stock. The questions regarding fraud, conspiracy, and fair value of the stock were submitted to the jury and its responses were incorporated into the judgment. The supreme court addressed a jurisdictional question, holding

5

that appointment of an appraiser is not jurisdictional, and noting that the plaintiff waived his right to have an appraiser appointed. *Id*. at 4. Referencing the dollar amount awarded by the jury for the fair value of the stock, it determined that "the jury's finding . . . clearly relates to the statutory method of ascertaining the value of a dissenting shareholder's interest and is sustainable as such." *Id*. The question of whether the issue of fair value should have been submitted to the jury was never raised and never discussed by either the intermediate appellate court or the supreme court. We do not consider this case to implicitly require a jury trial, if requested, to determine the value of an ownership interest under Section 10.364.

*Texas Constitution, Article I, Section 15*

Article I, Section 15 of the Texas Constitution states, "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. . . ." TEX. CONST. art. I, § 15. This provision grants the right to a jury for those actions, or analogous actions, where a jury was available when the constitution was adopted in 1876. ***Barshop v. Medina Cty. Underground Water Conservation Dist.***, 925 S.W.2d 618, 636 (Tex. 1996). The precursor to Chapter 10 of the Business Organizations Code, Article 5 of the Business Corporations Act, was enacted in 1955. *See* Act of March 30, 1955, 54th Leg., R.S., ch. 64, 1955 Tex. Gen. Laws 274-82 (codified at TEX. BUS. ORG. CODE ANN. §§ 10.001-.902). Before then, mergers, consolidations, and the sale of all of the assets of a solvent corporation could be accomplished only by unanimous consent of the stockholders. *See **Massey v. Farnsworth***, 353 S.W.2d 262, 266 (Tex. Civ. App. – Houston 1961), *rev'd on other grounds*, 365 S.W.2d 1 (Tex. 1963); ***Clark v. Brown***, 108 S.W. 421, 445 (Tex. Civ. App.−Texarkana 1908), *rev'd on other grounds*, 116 S.W. 360 (Tex. 1909). Shareholders did not have the right to require the corporation to purchase their shares. ***Massey***, 353 S.W.2d at 266. Thus, when the Texas Constitution was adopted, there was no common law action or statutory scheme comparable to the current statute allowing the right of a minority shareholder to dissent and request an appraisal. Therefore, Article I, Section 15 cannot be invoked to support a motion for a jury trial in a proceeding to determine the value of the dissenters' ownership interest. *See **Barshop***, 925 S.W.2d at 636.

*Texas Constitution, Article V, Section 10*

Article V, Section 10 of the Texas Constitution, known as the Judiciary Article, provides that, "[i]n the trial of all causes" in a Texas district court, the plaintiff or defendant who requests a

jury and pays the jury fee shall have the right of trial by jury. TEX. CONST. art. V, § 10. Although this sounds definitive, not all adversary proceedings are "causes" within the meaning of this provision. *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288, 293 (Tex. 1975).

The term "cause" is defined as a lawsuit or a case. *Cause*, BLACK'S LAW DICTIONARY (10th ed. 2014). The term emphasizes the merits of the action from the plaintiff's point of view, especially with a connotation of seeking justice. *Suit*, BLACK'S LAW DICTIONARY, *quoting* Bryan A. Garner, *Garner's Dictionary of Legal Usage*, 863 (3d ed. 2011). A "cause" imports a judicial proceeding in its entirety and is nearly synonymous with "suit." *Id*. Courts have identified, on a case by case basis, some proceedings that do not qualify as a "cause" under Article V, Section 10.

We note the following:

> *Middleton v. Tex. Power & Light Co.*, 185 S.W. 556, 561-62 (Tex. 1916) (held that trial by jury cannot be claimed in inquiry that is nonjudicial in character or with respect to proceedings before an administrative board).
> *Hammond v. Ashe*, 131 S.W. 539, 539 (Tex. 1910) (orig. proceeding) (held that contested elections are proceedings specially created and controlled by statute, and not "causes" in which the right of trial is secured).
> *Burckhalter v. Conyer*, 9 S.W.2d 1029, 1029-30 (Tex. Comm'n App. 1928, judgm't affirmed) (held that, where the custody and possession of a child is sought by invoking the writ of habeas corpus, neither party is entitled to a jury trial).
> *Tex. Liquor Control Bd. v. Jones*, 112 S.W.2d 227, 229-30 (Tex. Civ. App.–Texarkana 1937, no writ) (held that administrative proceeding to cancel permit to sell liquor is not a civil suit or cause of action and party is not entitled to a jury trial).
> *Cocke v. Southland Life Ins. Co.*, 75 S.W.2d 194, 198 (Tex. Civ. App.–El Paso 1934, writ ref'd) (held that party not entitled to jury trial on incidental matter of objections to receiver's final account filed after final judgment in foreclosure action).

In each of those cases, there is some special reason a jury is unsuitable. Special proceedings, and incidental or supplemental proceedings do not fall within the term "cause." Chapter 10 specifies the procedures dissenting owners and responsible organizations must adhere to when the owner disapproves of the merger, with special emphasis on the owner's right to an appraisal. This has been referred to as a "judicial appraisal procedure." *See* 11 William V. Dorsaneo III, *Texas Litigation Guide* § 161.02[1] (2018). This is consistent with use of the term "hearing" in Section 10.364 as a session held to decide issues of fact as opposed to a "formal

judicial examination of evidence and determination of legal claims in an adversarial proceeding." *See Trial*, BLACK'S LAW DICTIONARY. Dissent and appraisal rights, and proceedings to determine fair value, are proceedings specially created and controlled by the statutes that allow them. *See* TEX. BUS. ORG. CODE ANN. §§ 10.351-.368; *Hammond*, 131 S.W. at 539; *Roper v. Jolliffe*, 493 S.W.3d 624, 634-35 (Tex. App.−Dallas 2015, pet denied) (held proceedings to obtain family violence protective order not a cause within the meaning of Article V, Section 10). Further, the subchapter on rights of dissenting owners is the exclusive remedy for the recovery of the value of the ownership interest or money damages to the owner with respect to the action, except where the owner alleges fraud in the transaction. TEX. BUS. ORG. CODE ANN. § 10.368. The allegation of fraud is typically presented to a jury. *See Hoggett v. Brown*, 971 S.W.2d 472, 482 (Tex. App.−Houston [14th Dist.] 1997, pet. denied) (held no error in submitting claims of irregularity or fraud in the merger transaction to jury). The provisions for dissent and appraisal are one discreet piece of the total scheme regulating mergers, interest exchanges, conversions, and sales of assets by the organization.

The proceeding for determining the fair value of a dissenting shareholder's ownership interest is not a "cause" within the meaning of Article V, Section 10 of the Texas Constitution. Therefore, this constitutional provision's jury trial mandate does not support Appellants' request for a jury trial. Accordingly, the trial court did not abuse its discretion in denying Appellants' motion for a jury trial. *See Mercedes-Benz Credit Corp.*, 925 S.W.2d at 666. We overrule Appellants' sole issue.

## DISPOSITION

Because the trial court did not abuse its discretion by overruling Appellants' motion for a jury trial, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered August 30, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2019**

**NO. 12-18-00238-CV**

**WILLIAM R. KRUSE AND DEBORAH KRUSE,**
Appellants
V.
**HENDERSON TEXAS BANCSHARES, INC.,**
Appellee

Appeal from the 4th District Court
of Rusk County, Texas (Tr.Ct.No. 2016-139)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellants, **WILLIAM R. KRUSE and DEBORAH KRUSE**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*